# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

FRESHUB, INC., a Delaware Corporation, and
FRESHUB, LTD., an Israeli Limited Liability
Company,

        Plaintiffs,

    v.

AMAZON.COM, INC., a Delaware Corporation,
AMAZON DIGITAL SERVICES, LLC, a Delaware
Limited Liability Company, PRIME NOW, LLC, a
Delaware Limited Liability Company, and WHOLE
FOODS MARKET SERVICES, INC., a Delaware
Corporation,

        Defendants.

Case No. 1:19-CV-00885-ADA

JUDGE ALBRIGHT

**Jury Trial Demanded**

## STIPULATED PROTECTIVE ORDER

Plaintiffs Freshub, Inc., and Freshub, Ltd. (collectively "Freshub") and Defendants
Amazon.com, Inc., Amazon.com Services LLC (formerly Amazon Digital Services, LLC), Prime
Now, LLC, and Whole Foods Market Services, Inc. (collectively "Amazon") (collectively the
"Parties," and individually a "Party") anticipate that discovery in this action will require the
production of documents, things, and testimony that may be or contain confidential, sensitive, or
proprietary information. In the interest of expediting discovery and limiting disputes regarding
access to such information, the Parties hereby stipulate and agree to the request for, and entry of,
the Protective Order set forth below.

Based on the stipulation of the Parties, and for good cause shown, IT IS HEREBY
ORDERED THAT:

    1.      All documents, information, and items produced in the course of discovery,

including initial disclosures; responses to interrogatories and requests for admissions; written contentions; production and disclosure of documents, information, including electronically created or stored information, and items; and deposition testimony and exhibits, whether produced by a Party or nonparty, shall be subject to this Protective Order as set forth below.

2.      Any information or materials produced by any Party or nonparty as part of discovery in this action may be designated by such Party or nonparty (the "Designating Party") as (1) CONFIDENTIAL, (2) HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or (3) RESTRICTED CONFIDENTIAL SOURCE CODE ("Designated Material") under the terms of this Protective Order.

3.      By designating something as Designated Material, counsel for the Designating Party certifies under Rule 26(g) of the Federal Rules of Civil Procedure that to the best of counsel's knowledge, information, and belief formed after a reasonable inquiry that the designation is (a) consistent with the Federal Rules of Civil Procedure and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (b) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (c) not unreasonable.

4.      Subject to Paragraph 3 above, non-public information or materials may be designated as CONFIDENTIAL if the Designating Party believes in good faith that such information or materials must be protected against disclosure to third parties. Absent a specific order by this Court, once designated as CONFIDENTIAL, such designated information shall be used by the Parties solely in this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone

except as provided herein. The Parties shall use reasonable means to protect information or material designated as CONFIDENTIAL, including by taking reasonable precautions to protect the information or materials from unauthorized physical or electronic access or dissemination.

5.      Subject to Paragraph 3 above, non-public information or materials may be designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY if the Designating Party believes in good faith that such materials comprise highly confidential information that likely would be of value to a competitor or potential competitor of the Designating Party possessing the information or harm the Designating Party and/or its officers, executives, and employees in the marketplace and that therefore must be protected from disclosure. HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information may include, without limitation, highly sensitive technical and/or operational information about the Designating Party and its products and services, highly sensitive investor information, highly sensitive financial information, highly sensitive agreements, licenses, or licensing information, marketing plans and forecasts, pricing and cost information, customer names and lists, sensitive personnel information that would not or could not otherwise normally be shared outside the company, and any other information the Designating Party in good faith believes falls within the scope of this provision. Absent a specific order by this Court, once designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, such designated information shall be used by the Parties solely in this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein. The Parties shall use reasonable means to protect information or materials designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY,

including by taking reasonable precautions (considering the highly sensitive nature of such information or materials) to protect the information or materials from unauthorized physical or electronic access or dissemination.

6.      The designation of information or material as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY for purposes of this Protective Order shall be made in the following manner by the Designating Party:

(a)      In the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, written contentions, or other materials (apart from depositions or other pretrial or trial testimony): by affixing the words CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, as appropriate, to each page of any document containing any confidential information or material at the time such documents are produced or such information is disclosed, or as soon thereafter as the Designating Party becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder; and

(b)      Parties may, at the deposition or hearing or within thirty (30) calendar days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY. There is no separate obligation to review and designated specific portions of the transcript.

(c)     Counsel for any Designating Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter, and videographer (if any), any person who is not authorized by this Order to receive documents or information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY. Such right of exclusion shall be applicable only during periods of examination or testimony directed to or constituting Designated Material of the Designating Party.

(d)     Within thirty (30) days after receipt of the deposition transcript of a deposition, the Designating Party shall notify the court reporter and opposing counsel of the portions of the deposition transcript (including exhibits) that include Designated Material and the level of protection being asserted by the Designating Party. The deposition transcripts that contain Designated Material shall have an obvious legend on the title page that the transcript contains Designated Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Designated Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated. All video and/or audio copies of depositions that have been stated to contain, in whole or in part, Designated Material, shall be marked CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY in

their entirety depending on the highest level of Designated Material contained in the deposition.

(e)       For documents produced in native form or for tangible items, the Designating Party must affix in a prominent place CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, as appropriate, on a cover sheet appended to the native document or on the exterior of the tangible item. If only a portion or portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted. If a native document, or any portion thereof, is converted to another format or printed, the converted file or printed copy must indicate the document is CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, as appropriate.

7.       Information or material designated as CONFIDENTIAL, or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a)       The Parties' outside counsel of record in this action and regular and temporary employees and staff of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b)       Employees of each Party whose assistance is needed by counsel for the purposes of this litigation and subject and conditioned upon compliance with Paragraph 10 below, including no more than two (2) in-house counsel who act in a legal capacity for the receiving Party, who are responsible for supervising this Action and who presently are not

directly involved in patent prosecution activities or in competitive decision-making (including decisions relating to licensing technology or intellectual property)..

(c)    Consultants and Experts, and their respective employees and staff, subject and conditioned upon compliance with Paragraphs 9 and 10  below;

(d)    The Court and its personnel;

(e)    Court reporters, videographers, and their staff employed in connection with this action, subject and conditioned upon compliance with Paragraph 10 below;

(f)    Vendors retained by counsel for a Party for purposes of performing services in connection with this litigation, including, without limitation, photocopying, scanning, managing or hosting electronic documents produced during discovery, and preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, to the extent necessary to perform the services requested and subject to and conditioned upon compliance with Paragraph 10 below;

(g)    Non-technical jury or trial consulting services retained by counsel for a Party, subject to and conditioned upon compliance with Paragraph 10 below; and

(h)    Any other person only upon order of the Court or upon written consent of the Party or nonparty producing the confidential information or material subject to and conditioned upon compliance with Paragraph 10 below.

8.    Information or material designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a)    Parties' outside counsel of record in this action and regular and temporary

employees and staff of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b)      Consultants and Experts, and their respective employees and staff, subject to and conditioned upon compliance with Paragraphs 9 and 10 below;

(c)      The Court and its personnel;

(d)      Court reporters, videographers, and their staff employed in connection with this action, subject to and conditioned upon compliance with Paragraph 10 below;

(e)      Vendors retained by counsel for a Party for purposes of performing services in connection with this litigation, including, without limitation, photocopying, scanning, managing or hosting electronic documents produced during discovery, and preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action, to the extent necessary to perform the services requested and subject to and conditioned upon compliance with Paragraph 10 below;

(f)       Non-technical jury or trial consulting services retained by counsel for a Party, subject to and conditioned upon compliance with Paragraph 10 below; and

(g)      Any other person only upon order of the Court or upon written consent of the Designating Party subject to and conditioned upon compliance with Paragraph 10 below.

9.      Absent written consent from the Producing Party, any individual associated with Plaintiff in this action who receives access to HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or RESTRICTED CONFIDENTIAL SOURCE CODE technical information produced by Defendant, any individual associated with Defendant in this action who receives access to HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or RESTRICTED CONFIDENTIAL

SOURCE CODE technical information produced by Plaintiff, or any individual who receives access to HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or RESTRICTED CONFIDENTIAL SOURCE CODE technical information produced by a nonparty in this action shall not be involved in the prosecution of patents or patent applications relating to speech recognition, natural language understanding, and/or voice shopping devices/software, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims in original prosecution.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging or defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination, or *inter partes* review), but does include where the attorney directly or indirectly drafts or amends patent claims during such proceedings.  This Prosecution Bar shall begin when access to HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or RESTRICTED CONFIDENTIAL SOURCE CODE information is first received by the affected individual and shall end two (2) years after final termination of this action.

  10. A party may disclose Designated Material to Consultants and Experts, provided that the party identifies such Consultant or Expert to all other parties no later than ten (10) business days before disclosing such materials to such persons and no objection has been made the other party. Such identification shall include:

    (a) the individual's name and business title;

    (b) the individual's business address;

(c)     the individual's business or profession;

(d)     the individual's CV;

(e)     a list of all cases in which the individual has testified as an expert (at trial or deposition) within the last four years;

(f)     an identification of all companies with which the individual has consulted or by which the individual has been employed within the last four years; and

(g)     a signed copy of the Acknowledgement and Agreement to be Bound in the form attached hereto as Exhibit A.

In the event that a dispute arises regarding disclosure to a Consultant or Expert, the parties agree to discuss such objection and/or request and if they are unable to resolve such dispute, the party who objects to the disclosure to the Consultant or Expert shall apply to the Court within fourteen (14) days after the inability of the parties to agree, for resolution of that dispute. Pending resolution of the dispute, no disclosure shall be made to the Consultant or Expert. If no application is made by the party objecting to the proposed Consultant or Expert within fourteen (14) days after the inability of the parties to agree, then disclosure may be made to the Consultant or Expert.

11.     All persons listed in Paragraphs 7(b)-(c) and 7(f)-(h) above may be given access to information or material designated as CONFIDENTIAL, provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of the Acknowledgement and Agreement to be Bound in the form attached hereto as Exhibit A. Similarly, all persons listed in Paragraphs 8(b) and 8(e)-(g) above may be given access to information or material designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of the Acknowledgement and

Agreement to be Bound in the form attached hereto as Exhibit A.

12.     To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as RESTRICTED CONFIDENTIAL SOURCE CODE if it comprises or includes confidential, proprietary, or trade secret source code. Protected Material designated as RESTRICTED CONFIDENTIAL SOURCE CODE shall be subject to all of the protections afforded to HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information including the Prosecution Bar set forth in Paragraph 9, and may be disclosed only to the individuals to whom HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information may be disclosed, as set forth in Paragraph 8.

(a)     Any source code produced in discovery shall be made available for inspection,[1] in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's outside counsel or another mutually agreeable location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party or the Party's outside counsel may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(b)     The Receiving Party shall provide five (5) business days' notice that it wishes to inspect the source code prior to its first inspection. The Receiving Party shall

---

[1] For source code review in light of COVID-related restrictions, see Exhibit B.

provide three (3) business days' notice prior to any subsequent inspections. The Receiving Party may make reasonable requests to inspect the source code on shorter notice, and permission shall not be unreasonably withheld by the Producing Party. The Producing Party shall provide access to the source code computer from 9 a.m. to 5 p.m. local time on business days (i.e., weekdays that are not federal holidays) for review by the Receiving Party. To the extent the Receiving Party wishes to gain access to the source code computer outside of those times, the Receiving Party shall provide Producing Party at least forty-eight (48) hours' advance notice. Permission for access outside of the aforementioned times will not be unreasonably withheld. Proper identification of all persons inspecting the source code must be provided prior to any access to the source code computer. Access to the source code computer may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification.

(c)     All persons who review a Producing Party's source code on behalf of a Receiving Party shall sign, on each day they review source code, a log that will include the names of persons who enter the secure location to view the source code and when they enter and depart each day. The Producing Party's outside counsel of record shall maintain the log and any party shall be entitled to review the log.  The source code reviewer may take notes on a non-networked computer with camera function disabled, provided that all ports to such computer are secured (e.g., taped closed) and no drives of any kind (other than that within the non-networked computer) are permitted in the secured review room.  The reviewer may not copy lines of source code into their notes other than file paths, filenames, package names, and function names.  All such notes

shall be treated as RESTRICTED CONFIDENTIAL SOURCE CODE.

(d)     The Receiving Party may use at least one text editor such as Notepad++, which shall be provided and installed by the Producing Party, that is capable of printing out source code with page and/or line numbers in either hard-copy or as a PDF. The Receiving Party's outside counsel of record and/or experts may make reasonable requests that other commercially available licensed software tools for viewing and searching source code be installed on the secured computer at the Receiving Party's expense. Permission to install such software tools shall not be unreasonably withheld by the Producing Party. The Receiving Party must provide the producing party with the software tool(s), such as by providing an online link and appropriate credentials to download and install such software tools, at least four (4) business days in advance of the inspection.

(e)     The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the source code other than electronically as set forth in subparagraph (c) in the first instance. The Receiving Party is presumptively limited to printing no more than 50 consecutive pages, and to an aggregate total of no more than 500 pages, of source code from any single Producing Party during the duration of the case. The Parties agree to negotiate these presumptive limits in good faith in the event the Requesting Party seeks to exceed these limits. Within 5 business days of a request for paper copies, the Producing Party shall either (i) deliver three (3) copies of such printouts to one or more offices of the Receiving Party's outside counsel

or (ii) provide notice of its position that the printed portions are not reasonably necessary to any case preparation activity and/or that the amount of printed source code is excessive. Thereafter, the parties shall meet and confer within five (5) business days to attempt to resolve the Producing Party's objection. If the parties cannot resolve the objection, the parties shall call the Court for a discovery hearing to resolve the dispute.

(f)     The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. Except as provided in this paragraph, the Receiving Party shall not create any additional paper copies or any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. Images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead). The Receiving Party may create an electronic image of a selected portion of source code for documents filed electronically with the Court or used during trial.  Additionally, the receiving party may create an electronic image of a selected portion of the source code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection. The communication and/or disclosure of electronic files containing any portion of source code shall at all times be limited to individuals who are authorized to see source code under the provisions of this Protective Order. Additionally, all electronic and paper copies must be labeled RESTRICTED CONFIDENTIAL SOURCE CODE. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

13.      Absent agreement, a Party's Designated Material must be stored and maintained by a receiving Party at a location in the United States and in a secure manner that ensures that access is limited to persons authorized under this Order. Absent agreement, Designated Material may not be exported outside the United States or released to any foreign national (even if within the United States), unless the foreign national (1) is a Green Card holder, (2) working in the United States pursuant to an H-1B visa sponsored by the receiving Party's law firm, or (3) directly employed by the receiving Party's law firm to provide support or legal representation to the firm's clients and who are otherwise unaffiliated with the receiving Party. Should any Designated Material be subject to export outside of the United States upon agreement of the parties, the receiving party shall comply with such laws and agrees not to knowingly export, re-export or transfer Confidential Materials of the producing party without first obtaining all required United States or any other applicable authorizations or licenses.

14.      Any person may be examined as a witness at trial or during a deposition concerning Designated Material when it is clear from the face of a document that (i) the person had access to the information or material prior to being examined, or (ii) the person is the Designating Party or its owner, officer, director, or Rule 30(b)(6) witness on a topic related to the substance of the document.

15.      The Parties must file documents containing Designated Material under seal in accordance with Rule CV-5.2 of the Local Court Rules of the United States District Court for the Western District of Texas and otherwise must comply with Rule CV-5.2, which will govern the Court's treatment of Designated Material. In the event that one Party determines that it is necessary to file a document that contains information that has been designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or RESTRICTED CONFIDENTIAL

SOURCE CODE by another Party, the filing Party shall notify the Designating Party in writing before the time of filing that it intends to file Designated Material with a submission. The Parties shall thereafter confer to determine whether the issue can be resolved, e.g., through redaction. If the Parties cannot resolve the issue, the filing Party may file its submission without the Designated Material. The Designating Party must thereafter file a sealing motion that includes the Designated Material omitted by the filing Party and identifies the Designated Material using the identifiers (e.g. exhibit numbers) provided by the filing Party. If the Designating Party does not file a sealing motion within seven (7) days following the filing of the submission, the filing Party may file the Designated Material.

16.     A Party may challenge a Party's or nonparty's designation of information or materials produced herein as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or RESTRICTED CONFIDENTIAL SOURCE CODE by serving a written objection upon the Designating Party. Any such objection shall be served within a reasonable time after such production, and all such objections must be served no less than forty-five (45) days before the dispositive motion deadline. The objecting Party shall identify with specificity the document or information to which the objection is directed and the basis of the objection. The Designating Party shall notify the challenging Party in writing of the bases for the asserted designation within five (5) business days after receiving any written objection. The Parties and if applicable, the nonparty shall confer in good faith as to the validity of the designation within five (5) business days after the challenging Party has received the notice of the bases for the asserted designation. To the extent an agreement as to the designation is not reached, the Parties shall call the Court for a discovery hearing to resolve the dispute. Until a dispute over the asserted designation is finally resolved by the Parties, nonparty, or the Court, all Parties and other persons

shall treat the information or materials in question as designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or RESTRICTED CONFIDENTIAL SOURCE CODE. In any such dispute, the Designating Party shall bear the burden of proving that the information was designated properly.

17.     All Designated Material covered by this Protective Order shall be kept in secure facilities.

18.     All counsel for the Parties who have access to Designated Material under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

19.     Entering into, agreeing to, or producing or receiving Designated Material, or otherwise complying with the terms of this Protective Order shall not:

(a)     Operate as an admission by any Party that any particular Designated Material designated by another Party or a nonparty contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

(b)     Operate as an admission by any Party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any Party or nonparty to be CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE;

(c)     Prejudice in any way the rights of any Party to object to the production of documents or information it considers not subject to discovery;

(d)     Prejudice in any way the rights of any Party to object to the authenticity

or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

  (e) Prejudice in any way the rights of any Party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

  (f) Prejudice in any way the rights of any Party or nonparty to petition the Court for a further protective order relating to any purportedly confidential information; or

  (g) Prevent the Parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

20. This Protective Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a Party of documents, information or material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY obtained lawfully by such Party independently of any proceedings in this action, or which:

  (a) Was already known to such Party by lawful means prior to acquisition from, or disclosure by, any other Party in this action;

  (b) Is or becomes publicly known through no fault or act of such Party; or

  (c) Is rightfully received by such Party from a third party which has authority to provide such information or material and without restriction as to disclosure.

21. If a Party or nonparty inadvertently produces CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or RESTRICTED CONFIDENTIAL SOURCE CODE information without marking it as such, it may be disclosed to others until the

disclosing Party or nonparty provides actual written notice to the receiving Party, unless the receiving Party has actual knowledge that the information is CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or RESTRICTED CONFIDENTIAL SOURCE CODE. As soon as the disclosing Party or nonparty notifies the receiving Party of the inadvertent production, the information will be treated as if it had been timely designated under this Protective Order, and the receiving Party agrees to endeavor in good faith to obtain and destroy all copies of the document, or notes or extracts thereto, which it distributed or disclosed to persons not authorized to access such information by Paragraphs 7 or 8 above, as well as any copies made by such persons.

22.     Inadvertent disclosure of any document or other information covered by the attorney-client privilege, work-product doctrine, or other applicable privileges shall be subject to Federal Rules of Civil Procedure 26(b)(5) and Federal Rules of Evidence 502. Any such disclosure of a privileged document shall not constitute a waiver of any applicable privilege. In such circumstances, the producing Party must immediately notify the receiving Party in writing of the inadvertent production and request the return or confirmed destruction of the privileged materials. Within five (5) business days after receiving such notification, the recipient Party shall either: (i) return or confirm destruction of all such materials, including any summaries thereof; or (ii) apply to the Court for a ruling that the document is not in fact privileged. In any application to the Court under this paragraph, the allegedly privileged document may, as appropriate, be disclosed for in camera inspection by the Court, but pending the Court's ruling, may not otherwise be used. The Party asserting the claim of privilege shall have the burden of proving the elements required to establish its claim of privilege. If the Court does not grant the application, then the privileged document(s) shall be returned or destroyed as provided herein. Nothing in this paragraph shall be

construed to enlarge the attorney-client privilege, work-product doctrine, or other applicable privileges, and the Parties remain free to challenge the propriety of any claimed privilege or protection.

23.     Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this action and, in the course of giving such advice, from referring to or relying generally upon his or her examination of Designated Material. However, in rendering any such advice or otherwise communicating with his or her client, the attorney shall not disclose the contents or source of any Designated Material in a manner contrary to the terms of this Order.

24.     Except for those communications exempted from protection under Federal Rule of Civil Procedure 26(a)(2)(B) and 26(b)(4)(C), expert communications in any form, between or among a Party's attorneys, a Party, or a Party's expert witness(es) relating to the work, opinions, or testimony of the party's expert witness(es), are not discoverable or admissible in this action. Any preliminary or draft expert report or disclosure shall not be discoverable, regardless of the form in which it is recorded. Counsel remain free, however, to otherwise conduct discovery relevant to the validity of the expert's opinions or relevant to the facts or data the expert is relying on in forming his or her opinions.

25.     Settlement communications, in any form, between the Parties relating to the settlement of one or more claims in this litigation, shall be deemed CONFIDENTIAL pursuant to the terms of this Protective Order.

26.     Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as Designated Material, shall be used by the Parties only in the litigation of this Action and shall not be used for any other

purpose. Any person or entity who obtains access to Designated Material or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such Designated Material or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified Designated Material and subject to all of the terms and conditions of this Order.

26.     The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises, and inspection of books, records, documents, and tangible things.

27.     The terms of this Protective Order shall govern discovery and other pretrial and trial proceedings in this action.

28.     Each Party is entitled to seek modification of this Protective Order by application to the Court on notice to the other Party hereto for good cause.

29.     The Parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all Parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court.

30.     Except as otherwise provided in Paragraph 31, within sixty (60) days after the conclusion of this action and any appeals arising therefrom, all originals and copies of Designated Material, other than Designated Material in possession of the Court or Court personnel, shall be destroyed and a written statement certifying destruction shall be sent to the Designating Party. Alternatively, at the option of the Designating Party, and at its expense, a Designating Party may request that all Designated Material it produced be returned for its own disposition.

31.     After the conclusion of this action and any appeals arising therefrom, counsel

for any Party in receipt of Designated Material under the Protective Order may retain copies of attorney work product that contains Designated Material provided that such work product is reasonably necessary to the proper maintenance of counsel's files with respect to this action. For the avoidance of doubt, copies of and notes pertaining to RESTRICTED CONFIDENTIAL SOURCE CODE shall not be retained. Notwithstanding the foregoing, all other Designated Material or documents containing Designated Material shall be destroyed in accordance with Paragraph 30. Such copies shall not be disclosed to anyone outside of counsel's law firm.

32.      If a subpoena, court order, discovery request, or other compulsory process is received by a Party or its counsel requesting Designated Material received under this Protective Order, the Party or counsel subject to the request shall object to the production of the Designated Material based on the obligations of non-disclosure under this Protective Order and shall notify the Designating Party so that the Designating Party may intervene and seek protection of its Designated Material.

33.      In the event that any Designated Material is used in any court proceeding in this action or any appeal therefrom, such information or material shall not lose its status as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or RESTRICTED CONFIDENTIAL SOURCE CODE through such use. Counsel for the Parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order.

34.      Counsel shall maintain a copy of any Acknowledgement and Agreement to be Bound executed during the course of this action. Following the conclusion of the case following any appeals or any final settlement of all claims in this action, at the request of any counsel, all

other counsel shall be obligated to produce to the requesting counsel in a reasonably timely manner a copy of any Acknowledgement and Agreement to be Bound maintained by them during the course of this litigation.

**So ORDERED and SIGNED this 23rd day of September, 2020.**

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

STIPULATED AND AGREED TO:

Dated:   September 22, 2020

Respectfully submitted,

*/s/ Barry K. Shelton*
Barry K. Shelton (TX Bar #24055029)
bshelton@sheltoncoburn.com
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, TX 78734
Telephone:  (512) 263-2165
Fax:  (512) 263-2166

J. David Hadden, CSB No. 176148
Email:  dhadden@fenwick.com
Saina S. Shamilov, CSB No. 215636
Email:  sshamilov@fenwick.com
Ravi R. Ranganath, CSB No. 272981
Email:  rranganath@fenwick.com
Vigen Salmastlian, CSB No. 276846
Email:  vsalmastlian@fenwick.com
Allen Wang, CSB No. 278953
Email: allen.wang@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Fax: (650) 938-5200

*/s/ John Palmer*
John Palmer
Texas Bar No. 15430600
palmer@namanhowell.com
NAMAN HOWELL SMITH & LEE PLLC
400 Austin Ave., Suite 800, P.O. Box 1470
Waco, TX 76703
Telephone:  (254) 755-4100
Fax:  (254) 754-6331

Paul J. Andre (*Pro Hac Vice*)
California Bar No. 196585
Lisa Kobialka (*Pro Hac Vice*)
California Bar No. 191404
James Hannah (*Pro Hac Vice*)
California Bar No. 237978
KRAMER LEVIN NAFTALIS
&   FRANKEL LLP
990 Marsh Road Menlo Park, CA 94025
Telephone: (650) 752-1700
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com

*Attorneys for Defendants*
Amazon.com, Inc., Amazon Digital
Services LLC, Prime Now LLC, and
Whole Foods Market Services, Inc.

*Attorneys for Plaintiffs,*
Freshub, Inc. and Freshub, Ltd.

**EXHIBIT A**

**<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>**

I, _____ of _____declare under

penalty of perjury that I have read in its entirety and understand the Protective Order that was

issued by the United States District Court for the Western District of Texas in the case of

*Freshub, Inc. et al v. Amazon.com Inc. et al*, Case No. 1:19-CV-00885-ADA.  I agree to comply

with and to be bound by all the terms of this Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt. I solemnly promise that I will not disclose in any manner any information

or item that is subject to this Protective Order to any person or entity except in strict

compliance with the provisions of this Order. I further agree to submit to the jurisdiction of

the United States District Court for the Western District of Texas for the purpose of enforcing

the terms of this Protective Order, even if such enforcement proceedings occur after

termination of this action.


Signature:_____

Name: _____

Date: _____

**EXHIBIT B**

**SOURCE CODE ADDENDUM**

In light of the COVID-19 pandemic, and the resulting Federal, State, and local travel restrictions and shelter-in-place orders (collectively, "COVID-19 Restrictions"), the parties agree to the following additional terms governing review of Source Code.  All source code related terms in the Protective Order (*see* ¶¶ 12(a)-(f)) continue to govern to the extent they are not addressed by this Addendum.

The terms in this Addendum shall remain in effect only so long as COVID-19 Restrictions are in effect at the locations of respective relevant parties, such as the location of the Parties' or nonparties' respective counsel and source code review consultants and experts.  Once the COVID-19 Restrictions in those locations are lifted, however, the Producing Party can, at its sole discretion, continue (or resume) providing Source Code pursuant to the terms of this Addendum at any time or provide Source Code pursuant to the relevant provisions of the Protective Order.

The Parties acknowledge that while the terms below may not reflect the Producing Party's normal security protocols, they represent an accommodation in the interest of moving the case forward during the unprecedented COVID-19 pandemic and in light of applicable COVID-19 Restrictions and related office closures and travel restrictions.  A Party's agreement to make Source Code available pursuant to this Addendum shall not be construed as an admission that the provisions of the Addendum are appropriate in any other case or that these provisions provide an acceptable level of security for the Producing Party's Source Code at any other time not affected by the COVID-19 pandemic.  The Addendum may not be cited as an appropriate practice to follow once the COVID-19 pandemic has passed even if the Producing Party decides to follow

the terms of this Addendum after the COVID-19 Restrictions are lifted because other pandemic-related issues such as delayed office re-openings may still be experienced.

1.      To the extent a Party elects to make Source Code available for inspection, the Producing Party shall notify the Receiving Party once any of Producing Party's Source Code is available for inspection.  Thereafter, the Receiving Party shall provide fourteen (14) days' notice that it wishes to inspect Source Code.

2.      Source Code shall be loaded to a computer maintained by the Producing Party or its outside counsel (the "Source Code Host Machine").

3.      No later than eight (8) business days after a request for Source Code inspection, the Producing Party shall send to the Receiving Party a computer capable of remotely accessing the Producing Party's Source Code (the "Remote Review Computer").  The Remote Review Computer shall be sent to the Receiving Party's outside counsel via overnight delivery service (*e.g.*, FedEx, UPS, etc.).

4.      The Remote Review Computer shall be a Windows-based laptop computer having at least 4 gigabytes of memory and a screen with a minimum size of thirteen inches.  The Remote Review Computer shall be capable of connecting to the Source Code Host Machine via a restricted virtual private network (VPN).

5.      The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the Remote Review Computer.  The Producing Party shall also provide the Receiving Party with any required credentials to connect to the Source Code Host Machine via VPN.  Only one VPN session will be allowed at a time.

6.      The Remote Review Computer shall have disk encryption and be password protected.  The Remote Review Computer will either have no peripheral device connectors or

such connectors will be disabled.  The use or possession of any electronic input/output device (*e.g.*, USB memory stick, mobile phone, tablet, personal digital assistants (PDAs), Blackberries, Dictaphones, voice recorders, external or portable telephone jack, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing Source Code via the Remote Review Computer.  The Producing Party may take appropriate measures, either through physical modification of the Remote Review Computer, or through modification of software on the Remote Review Computer, to prevent the use of such electronic input/output devices in conjunction with the Remote Review Computer and to prevent copying, duplicating, pasting, printing or any other duplication of the source code.

7.     The Producing Party may log all connections to the Source Code Host Machine. The Producing Party may also terminate the secure connection to the Source Code Host Machine after 30 minutes of inactivity on the Remote Review Computer.

8.     The Receiving Party shall provide to the Producing Party a list of any individuals who access Source Code via the Remote Review Computer and the date and approximate time(s) of such review.

9.     The receiving Party may request paper copies ("Source Code Printouts") of limited portions of the Source Code.  The Source Code Printouts, including any applicable printing limits, shall be governed by the provisions of the Protective Order, except as expressly modified herein.  To ensure the proper pages requested by the Receiving Party are printed, the Producing Party shall provide the ability for the Receiving Party to save relevant files for printing as PDFs (preserving the line numbers and formatting using a program such as Notepad++) to a folder located on the Source Code Host Computer.

10.     At the conclusion of any Source Code Review, the Receiving Party shall notify the Producing Party of the existence of Source Code Printouts that it requests to be produced. Thereafter, Source Code Printouts shall be produced in accordance with the provisions of the Protective Order.

11.     The Producing Party shall install tools on the Remote Review Computer and/or Source Code Host Computer that are sufficient for viewing and searching Source Code produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business.  The Receiving Party may request that other mutually-agreeable commercially available software tools for viewing and searching Source Code be installed on the Remote Review Computer, provided, however, that such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein.  The Receiving Party must provide the Producing Party with a licensed copy of the relevant software, such as by providing an online link and appropriate credentials to download and install such software tools reasonably in advance of any scheduled Source Code Review.