# Exhibit 46

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FRESHUB, INC., a Delaware Corporation, and FRESHUB, LTD., an Israeli Limited Liability Company,<br><br>                Plaintiffs,<br><br>  vs.<br><br>AMAZON.COM INC., a Delaware Corporation, AMAZON.COM SERVICES, LLC, a Delaware Limited Liability Company, PRIME NOW, LLC, a Delaware Limited Liability Company, and WHOLE FOODS MARKET SERVICES, INC., a Texas Corporation,<br><br>                Defendants. | §<br>§  Case No.: 1:19-CV-00885-ADA<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFFS FRESHUB, INC. AND FRESHUB, LTD.'S SECOND SUPPLEMENTAL INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**

Pursuant to Federal Rule of Civil Procedure 26(a)(l)(A), Plaintiffs Freshub, Inc. and Freshub, Ltd. (collectively, "Freshub") provide the following second supplemental initial disclosures to Defendants Amazon.com, Inc., Amazon.com Services, LLC, Prime Now, LLC, and Whole Foods Market Services, Inc. (collectively, "Defendants").

Discovery is ongoing and Freshub reserves the right to amend, supplement, or otherwise modify these disclosures as additional evidence and information become available and is produced during discovery in accordance with the Federal Rules of Civil Procedure, the local rules of this Court, and any orders or guidance issued by the Court. Similarly, by making these initial disclosures, Freshub does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this lawsuit. Freshub's initial disclosures are made without

1

waiving in this action or any other action or proceeding: (1) the right to object to the admissibility or discoverability of any material or testimony identified herein on the grounds of competency, privilege (including attorney-client, work product or other applicable doctrines of privilege), undue burden, relevancy, materiality, hearsay, or any other proper ground; (2) the right to object to use of such information, for any purpose, in any subsequent proceeding; and (3) the right to object on any legitimate basis to any discovery request or proceeding involving or relating to the subject matter of these disclosures.

Freshub incorporates by reference the preceding paragraphs into all of its disclosures below.

**I.      Identification of Individuals Pursuant to Rule 26(a)(1)(A)(i)**

Pursuant to Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure, and reserving all objections and privileges regarding production and discovery of said information, Freshub identifies the following individuals and entities which may have discoverable information that Freshub may use to support its claims:

| Name | Address and Phone Number | Subject Matter |
|---|---|---|
| Meir (Iri) Zohar | To be contacted only through Kramer Levin Naftalis & Frankel LLP. | Freshub's business, business practices, and documents; Freshub's organizational structure; interactions with Defendants. |
| William Adam | To be contacted only through Kramer Levin Naftalis & Frankel LLP. | Communications with Defendants; conception and reduction to practice of the claimed inventions; the prosecution of the Asserted Patents. |
| Fabio Zsigmond | Brazil | Conception and reduction to practice of the claimed inventions. |
| Geraldo Yoshizawa | Brazil | Conception and reduction to practice of the claimed inventions. |
| Frederico Wagner | Brazil | Conception and reduction to practice of the claimed inventions. |

| Name | Address and Phone Number | Subject Matter |
|---|---|---|
| Yamit Keren | To be contacted only through Kramer Levin Naftalis & Frankel LLP | Freshub's business. |
| Danny Westheimer | To be contacted only through Kramer Levin Naftalis & Frankel LLP | Freshub's relevant products and sales thereof; communications with Defendants. |
| Paul Smart | Unknown<br>Utah<br>U.S.A. | Defendants' business, technology, and the development and operation of its products/services; communications with Freshub. |
| Witnesses to be identified by Defendants with information relating to the design, development, and operation of the accused technologies, products, systems, and methods. | Unknown | Defendants' accused technologies, products, systems, and methods. |
| Witnesses to be identified by Defendants with information relating to Defendants' sales, revenues, marketing, and financial information. | Unknown | Defendants' financials, cost savings, and marketing related to the accused technologies, products, systems, and methods. |
| Witnesses to be identified by Defendants with information regarding the efficiencies of Defendants' business related to the Asserted Patents. | Unknown | Defendants' business practices and efficiencies related to the Asserted Patents. |

The foregoing is not intended to be an exhaustive description of all knowledge held by a particular individual regarding issues relevant to this case. Freshub will provide additional expert disclosures at a later date, consistent with applicable Court order(s).

**II.     Description of Documents Pursuant to Rule 26(a)(1)(ii)**

**"[A] copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment…"**

At this time, Freshub has not completed its identification, collection, and review of documents or electronically stored information ("ESI") in its possession, custody or control that it may use to support its claims. By making the following disclosures, Freshub does not represent that it is identifying every source, category or type of document, ESI, or tangible thing that may be relevant to this action. Freshub reserves the right to disclose any additional documents, ESI, or tangible things it discovers as they become known to Freshub during the course of discovery. To the extent not already identified below, Freshub also identifies all categories of documents, ESI, or tangible things in its possession, custody, or control that Defendants identify in their initial disclosures.

Pursuant to Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, and reserving all objections and privileges regarding production and discovery of said documents, ESI, and tangible things, Freshub identifies the following categories and locations of documents upon which Freshub may rely upon in support of its claims in this action:

- U.S. Patent No. 9,908,153 ("the '153 Patent"), U.S. Patent No. 10,213,810 ("the '810 Patent"), U.S. Patent No. 10,232,408 ("the '408 Patent"), and U.S. Patent No. 10,239,094 ("the '094 Patent") (collectively, the "Asserted Patents"), and their prosecution histories;

- Documents related to the conception or reduction to practice of the Asserted Patents;

- Documents relating to ownership of the Asserted Patents;

- Documents and things, including source code, relating to the structure and operation of Defendants' accused technologies, products, systems, and methods;

- Documents relating to revenue, sales, costs and profits for Defendants' accused technologies, products, systems, and methods;

4

- Documents relating to Defendants' business practices and efficiencies relating to the use of Defendants' accused technologies, products, systems, and methods; and

- Documents relating to Defendants' knowledge of the Asserted Patents.

**III.     Computation of Damages**

Freshub seeks compensatory damages in an amount not less than a reasonable royalty for Defendants' infringement of the Asserted Patents. As discovery has not commenced, support for such compensatory damages will be included in documents in Defendants' possession, as well as with discovery responses, deposition testimony, and other relevant information that will be produced by the parties before the close of discovery. Such information regarding Defendants' infringement will include, *inter alia*, all financial information related to accused technologies, products, systems, and methods, the efficiencies and cost savings as a result of Defendants' infringement, Defendants' gross and net revenues and profits as a result of Defendants' infringement, relevant market share, competition and demand, the nature of Defendants' infringement, the amount and value resulting from Defendants' infringement, Defendants' costs of development, and any purported non-infringing alternatives.

Freshub will provide a detailed computation of damages after conducting damages-related discovery, which necessarily will include Defendants' confidential information in Defendants' possession, which Defendants are to make available and after such information has been evaluated by an expert. *See* Advisory Comm. note to 1993 Amendment to Fed. R. Civ. P. 26(a)(1) ("[A] party would not be expected to provide a calculation of damages which, as in many patent infringement actions, depends on information in the possession of another party or person."). Freshub will supplement its disclosures as discovery progresses pursuant to Fed. R. Civ. P. 26(e), and reserves the right to supplement, modify and amend its damages and calculations or to seek damages as appropriate in view of information to be discovered in this

5

case and in view of further anticipated expert opinions on the subject of damages. Freshub intends to produce documents in its possession that may bear on damages, including the factors that may be considered to assess damages. Freshub incorporates by reference its response and all supplemental responses to Interrogatory No. 13.

Because this is an exceptional case, Freshub also seeks reasonable and necessary attorney's fees and treble damages. To the extent allowable by law, Freshub seeks attorney's fees, costs, expenses, and pre- and post-judgment interest on these claims, and such other relief as the Court may deem appropriate either at law or in equity, including an injunction barring Defendants' infringement. Freshub will make available for inspection and/or copying documents or other evidentiary material, not privileged or protected from disclosures, on which its damages computation is based.

### IV.   Insurance Agreements

Freshub is not aware of any insurance agreements pertinent to this litigation.

| | |
|---|---|
| Dated:  January 21, 2021 | By: */s/ Paul J. Andre*<br>Paul J. Andre (*pro hac vice*)<br>Lisa Kobialka (*pro hac vice*)<br>James Hannah (*pro hac vice*)<br>KRAMER LEVIN NAFTALIS<br>  & FRANKEL LLP<br>990 Marsh Road<br>Menlo Park, CA 94025<br>Telephone: (650) 752-1700<br>Facsimile: (650) 752-1800<br>pandre@kramerlevin.com<br>lkobialka@kramerlevin.com<br>jhannah@kramerlevin.com<br><br>John Palmer<br>Texas Bar No. 15430600<br>NAMAN HOWELL SMITH<br>  & LEE PLLC<br>400 Austin Ave., Suite 800,<br>P.O. Box 1470<br>Waco, TX 76701<br>Telephone: (254) 755-4100<br>Facsimile: (254) 754-6331<br>palmer@namanhowell.com<br><br>*Attorneys for Plaintiffs*<br>Freshub, Inc. and Freshub, Ltd. |

7

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2021, a complete copy of the foregoing PLAINTIFFS FRESHUB, INC. AND FRESHUB, LTD'S SECOND SUPPLEMENTAL INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1), was served via electronic mail upon the following counsel of record for Defendants:

J. David Hadden
Saina S. Shamilov
Vigen Salmastlian
Ravi R. Ranganath
Allen Wang
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200
dhadden@fenwick.com
sshamilov@fenwick.com
vsalmastlian@fenwick.com
rranganath@fenwick.com
allen.wang@fenwick.com

Eric B. Young
FENWICK & WEST LLP
555 California Street
12th Floor
San Francisco, CA 94041
Telephone: (415) 875-2300
Facsimile: (415) 281-1350
eyoung@fenwick.com

*Co-counsel for Defendants*

Barry K. Shelton
SHELTON & COBURN LLP
311 RR 620 S
Suite 205
Austin, TX 78734-4775
Telephone: 512-263-2165
Facsimile: 512-263-2166
bshelton@sheltoncoburn.com

*Attorneys for Defendants*

By:  */s/ Paul J. Andre*
     Paul J. Andre