UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FRESHUB, INC. and FRESHUB, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., a Delaware Corporation, AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company, PRIME NOW, LLC, a Delaware Limited Liability Company, and WHOLE FOODS MARKET SERVICES, INC., a Texas Corporation, <br><br> Defendants. | Case No. 1:19-CV-00885-ADA <br><br> **PUBLIC VERSION** |

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF INVALIDITY**

## TABLE OF CONTENTS

                                                                      **Page**

I.    NO GENUINE DISPUTE PRECLUDES ENTRY OF SUMMARY JUDGMENT OF INVALIDITY FOR FAILURE TO CLAIM ELIGIBLE SUBJECT MATTER. ........... 1

        A.    Amazon met its burden to show the invalidity of each asserted claim. .................... 1

        B.    The Examiner's conclusion regarding patent eligibility is irrelevant. ..................... 2

        C.    All of the asserted claims are directed to the abstract idea of voice shopping. ................................................................................................................... 4

        D.    The asserted claims recite no inventive concept. ...................................................... 6

II.    THERE IS NO GENUINE DISPUTE THAT THE ASSERTED PATENTS LACK ADEQUATE WRITTEN DESCRIPTION OR AN ENABLING DISCLOSURE. ........................................................................................................................ 8

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Affinity Labs of Tex., LLC v. DirecTV, LLC*,
   838 F.3d 1253 (Fed. Cir. 2016)...........................................................................................4

*Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*,
   967 F.3d 1285 (Fed. Cir. 2020)........................................................................................5, 6

*Apple, Inc. v. Ameranth, Inc.*,
   842 F.3d 1229 (Fed. Cir. 2016)...........................................................................................5

*Ariad Pharms., Inc. v. Eli Lilly & Co.*,
   598 F.3d 1336 (Fed.Cir.2010) (en banc)............................................................................8

*Berkheimer v. HP Inc.*,
   881 F.3d 1360 (Fed. Cir. 2018)...........................................................................................3

*Consumer 2.0, Inc. v. Tenant Turner, Inc.*,
   796 F. App'x 752 (Fed. Cir. 2020) .....................................................................................4

*Content Extraction & Transmission LLC v. Wells Fargo Bank, N.A.*,
   776 F.3d 1343 (Fed. Cir. 2014)...........................................................................................1

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
   880 F.3d 1356 (Fed. Cir. 2018)...........................................................................................6

*Crown Packaging Tech., Inc. v. Ball Metal Beverage Container Corp.*,
   635 F.3d 1373 (Fed. Cir. 2011)...........................................................................................8

*cxLoyalty, Inc. v. Maritz Holdings Inc.*,
   986 F.3d 1367 (Fed. Cir. 2021)........................................................................................3, 8

*Enfish, LLC v. Microsoft Corp.*,
   822 F.3d 1327 (Fed. Cir. 2016)...........................................................................................6

*ESW Holdings, Inc. v. Roku, Inc.*
   No. 6:19-cv-44-ADA, 2019 WL 10303653 (W.D. Tex. May 13, 2019) ..................................4

*Genentech, Inc. v. Novo Nordisk A/S*,
   108 F.3d 1361 (Fed. Cir. 1997)...........................................................................................9

*In re Greenstein*,
   782 F. App'x 1035 (Fed. Cir. 2019) ....................................................................................8

*Lizardtech, Inc. v. Earth Res. Mapping, Inc.*,
   424 F.3d 1336 (Fed. Cir. 2005) ................................................................................ 8

*McRO, Inc. v. Bandai Namco Games Am. Inc.*,
   837 F.3d 1299 (Fed. Cir. 2016) ................................................................................ 6

*Thales Visionix Inc. v. United States*,
   850 F.3d 1343 (Fed. Cir. 2017) ................................................................................ 6

*Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*,
   874 F.3d 1329 (Fed. Cir. 2017), *cert. denied*, 139 S. Ct. 378 (2018) ..................... 5

*Versata Dev. Grp., Inc. v. SAP Am., Inc.*,
   793 F.3d 1306 (Fed. Cir. 2015) ................................................................................ 8

**STATUTES AND RULES**

35 U.S.C. § 101 ........................................................................................................ 1, 2, 4, 6

35 U.S.C. § 112 ............................................................................................................ 1, 6, 8

# Table of Exhibits to the Opening and Reply Declarations of J. David Hadden

| Exhibit | Description | Short Cite |
|---|---|---|
| 1 | U.S. Patent No. 9,908,153 | '153 patent |
| 2 | U.S. Patent No. 10,213,810 | '810 patent |
| 3 | U.S. Patent No. 10,232,408 | '408 patent |
| 4 | U.S. Patent No. 10,239,094 | '094 patent |
| 5 | U.S. Patent No. 9,821,344 | '344 patent |
| 6 | Notice of Abandonment regarding U.S. Patent Application No. 11/301,291 ('344 patent), dated Jan. 3, 2012 - Weiss Dep. Ex. 16 (KNOBBE-000673-674) | Notice of Abandonment |
| 7 | Email from Y. Keren to I. Zohar et al., dated Feb. 1, 2017 - Keren Dep. Ex. 6 (FRESHUB 060726-729) | Keren Email |
| 8 | Rebuttal Expert Report of Dr. Michael T. Johnson, served March 5, 2021 | Johnson Reb. Rep. |
| 9 | Petition for Revival of an Application for Patent Abandoned Unintentionally Under 37 CFR 1.137(a), related to U.S. patent application No. 11/301,291 (issued as '344 patent), dated January 20, 2017 - Weiss Dep. Ex. 19 (KNOBBE-000694-95) | Petition to Revive |
| 10 | Expert Report of Dr. Nenad Medvidović Regarding Infringement by Amazon.com, Inc., Amazon.com Services, LLC (Formerly Known as Amazon Digital Services, LLC), Prime Now, LLC, and Whole Foods Market Services, Inc. of U.S. Patent Nos. 9,908,153; 10,213,810; 10,232,408; and 10,239,094, served Feb. 10, 2021 | Medvidović Rep. |

| Exhibit | Description | Short Cite |
|---|---|---|
| 11 | Chart that breaks out the limitations of the independent claims by recited components and functions and categorizes the dependent claims for ease of analysis | Claim Listing |
| 12 | Transcript of the deposition of William Adam, taken Dec. 29, 2020 (excerpts) | Adam Dep. Tr. |
| 13 | Device User Interface DRAFT Version 9, dated Nov. 18, 2005 - Adam Dep. Ex. 4 (FRESHUB 018447-476) | Device User Interface |
| 14 | Ikan Strategic Business Plan, dated Oct., 2017 - Adam Dep. Ex. 10 (FRESHUB 001678-1731) | Strategic Bus. Plan |
| 15 | Ikan chart displaying inaccuracy of Ikan's software in converting spoken words to text - Adam Dep. Ex. 12 (FRESHUB 001583-584) | Adam Ex. 12 |
| 16 | Assignment of patents from Ikan Holdings LLC to Freshub Ltd., dated May, 2019 (FRESHUB 004717-724) | Assignment from Ikan to Freshub |
| 17 | Transcript of the deposition of Meir Iri Zohar, taken Jan. 20, 2021 (excerpts) | Zohar Dep. Tr. |
| 18 | Smart Kitchen Commerce - OCS Program - File No. 58293, dated June, 2016 - Zohar Dep. Ex. 8 (FRESHUB 007809-902) | Zohar Ex. 8 |
| 19 | Expert Report of Mona Singh, Ph.D. Regarding Validity Pursuant to 35 U.S.C. § 112, served Mar. 5, 2021 | Singh Rep. |
| 20 | Transcript of the deposition of Mona Singh, Ph.D., taken Mar. 16, 2021 (excerpts) | Singh Dep. Tr. |
| 21 | Transcript of the deposition of Aaron Striegel, Ph.D., taken Mar. 12, 2021 (excerpts) | Striegel Dep. Tr. |
| 22 | Transcript of the deposition of Nenad Medvidović, Ph.D., taken Mar. 19, 2021 (excerpts) | Medvidović Dep. Tr. |

| Exhibit | Description | Short Cite |
|---|---|---|
| 23 | Rebuttal Expert Report of Aaron Striegel, Ph.D. Regarding Patent Eligibility Under 35 U.S.C. § 101 and Objective Indicia of Nonobviousness | Striegel Reb. Rep. |
| 24 | Opening Expert Report of Dr. Michael T. Johnson, served Feb. 10, 2021 | Johnson Rep. |
| 25 | *Consumer 2.0, Inc. v. Tenant Turner, Inc.*, Fed. Cir. Appeal No. 19-1846, Opening Brief for Plaintiff-Appellant (Aug. 22, 2019) | Consumer 2.0 Brief |
| 26 | David Pogue, Grocery Shopping Made Easy, The New York Times, dated June 19, 2008 - Striegel Dep. Ex. 7 (FRESHUB 000752-56) | Striegel Ex. 7 |
| 27 | Jenna Goudreau, The 10 Best Time-Saving Home Appliances, Forbes, dated Oct. 13, 2010 - Striegel Dep. Ex. 8 (FRESHUB 000757-760) | Striegel Ex. 8 |
| 28 | Transcript of the deposition of Nathaniel Polish, Ph.D., taken Mar. 12, 2021 (excerpts) | Polish Dep. Tr. |
| 29 | Transcript of the deposition of Mona Singh, Ph.D., taken Mar. 16, 2021 (*further excerpts*) | Singh Dep. Tr. |

Freshub identifies no genuine dispute as to the invalidity of the asserted patents: they are directed to the abstract idea of voice shopping and ineligible for patenting under § 101; and they lack any description of the claimed voice processing functions, and do not meet the requirements of § 112. The Court should grant Defendants' motion and enter summary judgment of invalidity.

I.  **NO GENUINE DISPUTE PRECLUDES ENTRY OF SUMMARY JUDGMENT OF INVALIDITY FOR FAILURE TO CLAIM ELIGIBLE SUBJECT MATTER.**

The asserted claims recite nothing more than the result of voice shopping, while disclosing no specific technological solution for achieving this result. (Mot. at 6-14.) None of Freshub's arguments changes this conclusion.

A.  **Amazon met its burden to show the invalidity of each asserted claim.**

Freshub contends that Defendants motion addresses "only address a single claim, Claim 20 of the '408 patent." (Opp. at 6.) Freshub is wrong. In the motion, Defendants analyze claim 20 of the '408 patent in detail, then explain that the claim is representative because all of the asserted independent claims recite either a "voice processing system" or a "computer-implemented method" comprising "conventional computing components (*e.g.*, a microphone, a wireless network or network interface, a computer, and non-transitory memory) that perform the steps of receiving and translating a voice order, identifying an item corresponding to the order, adding the item to a list, and displaying the list." (Mot. at 3.) Federal Circuit law requires no more. *Content Extraction & Transmission LLC v. Wells Fargo Bank, N.A.*, 776 F.3d 1343, 1347-48 (Fed. Cir. 2014) (invalidating 242 claims from four patents under § 101 based on analysis of two representative claims, noting "addressing each claim of the asserted patents was unnecessary").

But in light of the Court's order (*see* Dkt. 28 at 1), Defendants' motion went far beyond just this analysis. The motion attaches an exhibit identifying each category of claim limitation, and addresses each in detail. (*See* Hadden Decl., Ex. 11.) Defendants also attach and cite to the invalidity report of Dr. Johnson, who thoroughly analyzes the ineligibility of each asserted claim.

1

(*Id.*, Ex. 24 (Johnson Rep.) ¶¶ 1341-64 (addressing patent eligibility), ¶¶ 1342, 1344 (analyzing the claimed functions in each independent claim), ¶¶ 1355-58 (analyzing an exemplary independent claim and describing unique additions of remaining asserted independent claims), ¶¶ 1359-62 (analyzing each dependent claim).)

Freshub argues that "Defendants have failed to account for the differences in the Asserted Claims," and identifies a number of limitations that purportedly differentiate the claims for purposes of § 101. (Opp. at 6-7.) But Defendants address *each* of the limitations Freshub identifies in either their motion or the incorporated Johnson report, explaining why none renders the claims non-abstract or inventive:

| Limitation | Discussion of limitation in MSJ / Report |
|---|---|
| "identifying an item corresponding to text" | Mot. at 3, 7, 11, 15; Johnson Rep. ¶¶ 1344, 1357 |
| "adding an item to a list associated with a user" | Mot. at 3, 10, 11; Johnson Rep. ¶¶ 1342, 1344, 1351-52, 1357-58 |
| "using text description to identify items" | Mot. at 2-3, 5, 8; Johnson Rep. ¶¶ 1342, 1344 |
| "matching text to a description in a database" | Mot. at 3, 8-9; Johnson Rep. ¶¶ 1342, 1344, 1349, 1357-58, 1363 |
| "database of unique product identifiers" | Mot. at 4-5, 8, 3; Johnson Rep. ¶ 1342 |
| "data store of text descriptions" | Mot. at 3, 8-9, 14; Johnson Rep. ¶¶ 1342, 1344, 1360 |
| "weighting purchase history" | Mot. at 14-15; Johnson Rep. ¶ 1361 |
| "use of separate digital files to store digitized item descriptions" | Mot. at 14-15; Johnson Rep. ¶ 1360 |
| "enabling display of the list to multiple user devices for editing and purchasing" | Mot. at 9, 11; Johnson Rep. ¶¶ 1342, 1344, 1351, 1357 |

Defendants therefore met their burden to establish the invalidity of each asserted claim.

**B.       The Examiner's conclusion regarding patent eligibility is irrelevant.**

Freshub next contends that Amazon's motion should be denied because it fails to address the prosecution history, in which "the Examiner provided a [purportedly] detailed eligibility analysis." (Opp. at 7.) This contention lacks merit.

First, because patent eligibility is an issue of law, the Court owes no deference to the legal

2

conclusion of a patent examiner. *See Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018). This is particularly true because patent examiners apply Patent Office guidelines regarding patent eligibility, which "do[] not carry the force of law, and [are] not binding on [the] patent eligibility analysis." *cxLoyalty, Inc. v. Maritz Holdings Inc.*, 986 F.3d 1367, 1375 n.1 (Fed. Cir. 2021).

Second, even if the Court were to consider the examiner's eligibility analysis, it should give it no weight because the examiner here performed no analysis at all. Indeed, the examiner's "analysis" amounts to the following identical and conclusory statement for each patent:

> Claims [] have been reviewed in light of Alice Corporation Pty. Ltd. v. CLtweS Bank International, et al., 573 U.S. ___ (2014) and are not deemed invalidated by such.

> Claims [] are determined to be directed to patent-eligible subject matter and the Examiner does not consider any of the pending claims to be directed to an abstract idea. Even if the Examiner were to identify an abstract idea for any claim, then under a further analysis under Alice all claims would still be found patent eligible for the following reasons. The Examiner finds that when all of the elements of each claim are considered individually and as an ordered combination, each claim contains an inventive concept which is directed to an application, a particular application, or a special application, of the identified abstract idea. Further, the Examiner finds that issuance of a patent for any claim would not preempt the identified abstract idea, or the field of the identified abstract idea.

(Hannah Decl., Ex. 3 ('153 patent file history) at 21-22, Ex. 4 ('810 patent file history) at 25-26, Ex. 5 ('408 file history) at 24-25.) The examiner made no factual findings as to whether individual limitations were well-understood, routine, or conventional. *See, e.g.*, *Berkheimer*, 881 F.3d at 1365, 1368 (describing narrow factual issues underlying patent eligibility inquiry). Nor did the examiner address *specific* claims of each patent, which Freshub contends is required. Indeed, the examiner simply copied the same conclusory statement in each patent's file history, even including the same typographical error in citing *Alice*. The Court should not credit this statement, which is both legally irrelevant and devoid of any specific factual findings.

The Federal Circuit recently rejected a patentee's argument that an examiner's post-*Alice*

3

eligibility analysis is entitled to deference.[1]  (Hadden Reply Decl., Ex. 25 (Consumer 2.0 Brief) at 25 (arguing that because the asserted patent "was examined *after* *Alice* issued, and after the USPTO examiners were aware of the Supreme Court's interpretation of patent-eligibility under § 101," the district court was required to "grapple with its implications") (emphasis in original)); *Consumer 2.0, Inc. v. Tenant Turner, Inc.*, 796 F. App'x 752, 753 (Fed. Cir. 2020) (affirming per curiam the district court order holding claims invalid under § 101).  This Court should do the same.

### C. All of the asserted claims are directed to the abstract idea of voice shopping.

Freshub contends that the asserted claims are not abstract at *Alice* step 1 because, purportedly, they "are directed toward novel, distributed system architectures," which "represent a substantial technological improvement in voice processing." (Opp. at 7-8.)  Freshub is wrong.  First, the *novelty* of the asserted claims has nothing to do with their *eligibility* under § 101.  *Affinity Labs of Tex., LLC v. DirecTV, LLC*, 838 F.3d 1253, 1263 (Fed. Cir. 2016).  Thus even if true that the patents claim a "novel" distributed architecture, it does not make then any less abstract.  Second, the patents themselves disclose no specific or improved distributed architecture.  As Dr. Johnson explains in his report, though Freshub's expert Dr. Striegel ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Hadden Decl., Ex. 8 (Johnson Reb. Rep.) ¶ 445; *see also id.* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  *Two* of Freshub's experts agree, testifying that using such a distributed architecture for resource-intensive processing was strictly conventional and not an inventive contribution of the asserted patents.  (*Id.*, Ex. 20 (Singh Dep. Tr.) at 128:16-23 (testifying that as of early 2000's, "it was advantageous to perform the voice recognition on the

---

[1] The Court did not hold otherwise in *ESW Holdings, Inc. v. Roku, Inc.* No. 6:19-cv-44-ADA, 2019 WL 10303653, at *6 (W.D. Tex. May 13, 2019).  There, the Court observed that the examiner allowed claims after *Alice*, but did not give that decision any deference.  *See id.*

server rather than [on] the communication device" because "[v]oice recognition systems require a lot of computing power"); *id.*, Ex. 22 (Medvidovic Dep. Tr.) at 55:1-57:22 ███████████████████████████████████████████████████████████████████ Thus, the evidence shows that the patents do not claim an unconventional "architecture" that renders them non-abstract.[2]

Freshub next contends that Defendants failed to "offer any meaningful analysis" to show that the asserted patents are directed to the abstract idea of voice shopping. (Opp. at 8.) This too is incorrect. Defendants explained in their motion that each of the asserted claims recites the result of receiving and translating a voice order, identifying an item corresponding to the order, adding the item to a list, and displaying the list, but neither the claims nor the specification provides a specific technological solution for the claimed voice processing. (Mot. at 3-4.) Defendants also cite the analysis of Dr. Johnson, who opines that the asserted claims "only disclose that the functional results of the asserted claims may be accomplished by using conventional computer components." (Johnson Rep. ¶ 1343; *see also id.* ¶ 1365 ("the specification only repeats the desired results of translating, matching, and identifying without providing any guidance how to perform each function").) Such claims are abstract and ineligible as a matter of law. *Two-Way Media*, 874 F.3d at 1333; *Apple, Inc. v. Ameranth, Inc.*, 842 F.3d 1229, 1235-36 (Fed. Cir. 2016).

Finally, Freshub mischaracterizes Defendants' motion as arguing that "the claims are means-plus-function," contrary to the Court's claim construction order. (Opp. at 9.) But neither Defendants nor Dr. Johnson made such an argument. Defendants argue in their motion that the claims are functional and the patents lack a specific solution for the claimed functions. Such claims are abstract as a matter of law. *See Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 967 F.3d 1285,

---

[2] *See, e.g.*, *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1338-39 (Fed. Cir. 2017) (irrelevant that specification disclosed "purported innovative 'scalable architecture,'" because claims did not recite such a solution), *cert. denied*, 139 S. Ct. 378 (2018).

5

1302 (Fed. Cir. 2020) (to be patent eligible, "the claim itself . . . must go beyond stating a functional result; it must identify 'how' that functional result is achieved."). This is unrelated to the Court's conclusion that the asserted claims are not governed by § 112, ¶ 6. *Id.* (§ 101 and § 112 are separate requirements and "neither requirement replaces the other"). The asserted claims are directed to the abstract idea of voice shopping.[3]

### D. The asserted claims recite no inventive concept.

Freshub also does not raise any genuine dispute of material fact as to the non-inventiveness of the asserted claims. It argues that Defendants purportedly (1) do not show that distributed voice processing systems were well-known and conventional; (2) do not address the claims as a whole or as an ordered combination; (3) do not address the eligibility opinions of Dr. Striegel; and (4) do not consider the "public praise" of Ikan's allegedly practicing product. Each argument fails.

First, as discussed above, Defendants presented evidence that conclusively establishes that the patents disclose no particular, let alone inventive, "distributed" system. (Johnson Reb. Rep.¶ 445.) Indeed, even *Freshub's* expert Dr. Singh testified that there was nothing inventive about performing speech recognition on a back-end server. (Singh Dep. Tr. at 128:16-23.) To the

---

[3] The cases Freshub cites are inapplicable. In *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, the Federal Circuit held claims related to a user interface valid under § 101 because they were "directed to a *particular manner* of summarizing and presenting information in electronic devices," specifying how a summary window should be accessed and the type of data to be displayed. 880 F.3d 1356, 1362-63 (Fed. Cir. 2018) (emphasis added). In *Enfish, LLC v. Microsoft Corp.*, the claims disclosed a new "self-referential" data structure and a specific "four-step algorithm" to accomplish their claimed improvement to computer databases. 822 F.3d 1327, 1336-37 (Fed. Cir. 2016). In *McRO, Inc. v. Bandai Namco Games Am. Inc.*, the claims disclosed a specific set of rules "defin[ing] morph weight sets as a function of the timing of phoneme sub-sequences" to improve three-dimensional computer animation. 837 F.3d 1299, 1313 (Fed. Cir. 2016). In *Thales Visionix Inc. v. United States*, the Federal Circuit upheld claims that were directed to the use of inertial sensors to measure the relative position of a moving object, and specified a particular configuration of sensors. 850 F.3d 1343, 1348-49 (Fed. Cir. 2017). Unlike the claims upheld in these cases, Freshub's claims do not recite specific solutions or algorithms for the functions they claim, describe no improvement to computing technology, and describe no novel arrangement of components. They claim only functional results implemented using existing and conventionally arranged computing components. They are abstract and ineligible.

extent the claims disclose an unconventional distributed architecture, it is not inventive.

Second, contrary to Freshub's assertion, both Defendants and Dr. Johnson address the limitations of the asserted claims individually and as an ordered combination. For example, in his report Dr. Johnson:  (1) analyzes claim 20 of the '408 patent explaining why the claim as a whole is non-inventive; (Johnson Rep. ¶¶ 1355-57); (2) explains how "[t]he other asserted independent claims all recite known technologies to perform essentially the same functions," implemented using "various conventional computing devices" (*id.* ¶ 1357); (3) addresses each dependent claim, concluding that they recite generic computing processes, routine functions, or insignificant activity inherent to voice shopping (*id.* ¶¶ 1359-63); and (4) explains that nothing about the *order* of the claim limitations is inventive because the claims "simply [recite] a list of conventional steps performed in an obvious and conventional order" (*id.* ¶ 1358). Defendants cite this analysis in their motion, and independently analyze each of the asserted claims. (Mot. at 10-16.) Thus, Freshub's contention that "Defendants have no evidence at Step Two supporting their claims that the Asserted Claims have no inventive concept" is incorrect.

Third, the conclusory opinions of Freshub's expert Dr. Striegel cannot save the claims. ■

■ (Opp. at 13; Hadden Decl., Ex. 23 (Striegel Reb. Rep.) ¶ 20.) But as discussed above, there was nothing inventive about distributed voice systems. (Singh Dep. Tr. at 128:16-23; Medvidovic Dep. Tr. at 55:1-57:22.) Dr. Striegel's discussion of the purported benefits of the claimed inventions is irrelevant because the patents themselves do not describe how to achieve them. For example, Dr. Striegel opines that the claimed ■

■ (Striegel Reb. Rep. ¶ 20.) But Dr. Striegel points to *no* disclosure in the patents relating to "data analytics" or a "pervasive" shopping experience; none

7

exists. Such conclusory testimony, which is not grounded in the patents themselves, does not show that the asserted claims are inventive. *See cxLoyalty, Inc.*, 986 F.3d at 1378.

Fourth, the "public praise" of Ikan's purportedly practicing product is irrelevant. As an initial matter, whether Ikan had a patent-practicing product *a decade* before the patents issued is dubious: the expert opinion Freshub offers on this subject is a single conclusory paragraph addressing just one asserted claim. (Johnson Reb. Rep. ¶¶ 400-05.) Moreover, the articles ▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*See* Hadden Reply Decl., Exs. 7, 8.) But even assuming Ikan had a practicing product, the purported success of that product is "insufficient to transform the claims into a patent-eligible application." *In re Greenstein*, 782 F. App'x 1035, 1038 (Fed. Cir. 2019); *Versata Dev. Grp., Inc. v. SAP Am., Inc.*, 793 F.3d 1306, 1335 (Fed. Cir. 2015) (commercial success does not "indicate that claims were drawn to patent eligible subject matter"). Defendants have established that the asserted claims are non-inventive as a matter of law. The asserted claims are ineligible and invalid.

## II.   THERE IS NO GENUINE DISPUTE THAT THE ASSERTED PATENTS LACK ADEQUATE WRITTEN DESCRIPTION OR AN ENABLING DISCLOSURE.

Freshub does not identify either an adequate written description or an enabling disclosure corresponding to the claimed "translating," "matching," and "identifying" voice processing functions recited in the asserted claims. The asserted claims are invalid under § 112.[4]

***Translating***. Freshub identifies only a *single sentence* in the specification corresponding

---

[4] Contrary to Freshub's suggestion, the Federal Circuit's holding in *Lizardtech* that the written description and enablement requirements "usually rise and fall together" remains good law, and was not overruled by *Ariad Pharms*. (*See* Opp. at 15-16); *Lizardtech, Inc. v. Earth Res. Mapping, Inc.*, 424 F.3d 1336, 1345 (Fed. Cir. 2005); *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed.Cir.2010) (en banc). Indeed, the Federal Circuit cited this portion of the *Lizardtech* opinion with approval in *Crown Packaging Tech., Inc. v. Ball Metal Beverage Container Corp.*, 635 F.3d 1373, 1382 (Fed. Cir. 2011), after the en banc opinion in *Ariad Pharms*. In any event, Freshub's arguments regarding enablement and written description are not substantively different. (*See, e.g.*, Opp. at 22 (citing ¶¶ 35, 56 of the Singh Report, which pertains to written description, in arguing that the claims are enabled).)

to the claimed "translating" function: "[t]he remote computer system then utilizes voice recognition software to translate the voice recording files into text files." (Opp. at 17, citing '153 patent at 8:36-38.) It argues that this sufficiently describes the claimed translation function because it instructs skilled artisans to use an existing speech recognition engine. (*Id.* at 19, 24; Hadden Decl., Ex. 19 (Singh Rep.) ¶¶ 35, 56.) But as Dr. Johnson explains, "utilizes voice recognition software" is "clearly just [a] statement[] of what is being done, not a description of a process for doing it." (Johnson Rep. at ¶ 1347.) Indeed, Freshub's own expert testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Moreover, Dr. Singh does not even identify an existing voice recognition system that could be used to perform the claimed translation. (*Id.*, Ex. 29 (Singh Dep. Tr.) at 43:20-44:4 (admitting she did identify any "actual existing speech recognition system" in her report).) Dr. Singh's conclusory opinions cannot substitute for the requisite disclosure in the patents themselves. *Genentech, Inc. v. Novo Nordisk A/S*, 108 F.3d 1361, 1367 (Fed. Cir. 1997).

*Matching*. With respect to the "matching" function, Freshub and Dr. Singh point to three separate disclosures as providing the requisite written description and enabling disclosure. (Opp. at 19; Singh Rep. ¶ 57.) But these nearly identical disclosures describe only the *result* of the claimed matching, not *how* to perform it. ('153 patent at 8:43-47 ("remote computer system can optionally match the spoken order with a SKU"), 8:49-53 (remote system "matches the [translated]

9

text [of the voice order] with text stored in association with a SKU"), 14:30-34 ("The remote system can optionally match the translated version of the spoken order with a SKU retrieved from a SKU database").) Indeed, as Dr. Johnson explains, "[t]here is absolutely no description of a process or method or algorithm for how to perform a match or any improvement to known processes at the time for matching text." (Johnson Rep. ¶ 1349.)

*Identifying*. Freshub contends that the patents describe and enable the "identifying" function because an early claim in the parent application to the asserted patents recited "identify[ing] a product identifier that corresponds to a first item referred to in the digitized voice recording." (Opp. at 20.) Dr. Singh argues that the specification describes the claimed "identification" as "search[ing] and locat[ing] a SKU" in a database. (Singh Rep. ¶ 58.) But both disclosures describe a *result* and "completely fail to provide any process, method, or algorithm describing how to perform the identifying function." (Johnson Rep. ¶ 1350.) ███████████
████████████████████████████████████████████████████████████████████
█████████████████████████████████████

Finally, in its opposition, Freshub recycles the many of the same arguments it makes in its motion for summary judgment of no invalidity. (*Compare* Opp. at 23 (characterizing Dr. Johnson's enablement opinions as conclusory), 24-25 (criticizing Dr. Johnson's reliance on Ikan and Freshub's failure to develop reliable voice technology) *with* Dkt. 107 at 16, 20.) To avoid burdening the court with an identical argument again, Defendants refer the Court to their arguments in opposition to Freshub's motion for summary judgment. (*See* Dkt. 130.)

Freshub does not identify any disclosures in the patents that show possession of the full scope of the claimed inventions or that would enable a skilled artisan to make and use the claimed inventions without undue experimentation. The asserted claims are invalid under § 112. *See Ariad Pharms.,* 598 F.3d at 1351; *ALZA Corp. v. Andrx Pharms.*, 603 F.3d 935, 940 (Fed. Cir. 2010).

10

Dated: April 16, 2021

*Of Counsel:*

Barry K. Shelton (TX Bar #24055029)
bshelton@sheltoncoburn.com
Bradley Dalton Coburn
coburn@sheltoncoburn.com
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, TX 78734
Tel: (512) 263-2165
Fax: (512) 263-2166

Respectfully submitted,

*/s/ J. David Hadden*

J. David Hadden, (CSB No. 176148)
Email: dhadden@fenwick.com
Saina S. Shamilov, (CSB No. 215636)
Email: sshamilov@fenwick.com
Todd R. Gregorian (CSB No. 236096)
Email: tgregorian@fenwick.com
Ravi R. Ranganath (CSB No. 272981)
Email: rranganath@fenwick.com
Allen Wang (CSB No. 278953)
Email: allen.wang@fenwick.com
Eric B. Young (CSB No. 318754)
Email: eyoung@fenwick.com
**FENWICK & WEST LLP**
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

*Counsel for Defendants*
*AMAZON.COM, INC., AMAZON.COM*
*SERVICES LLC, PRIME NOW, LLC, and*
*WHOLE FOODS MARKET SERVICES, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

>                              */s/ Ravi R. Ranganath*
>                              Ravi R. Ranganath