UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FRESHUB, INC. and FRESHUB, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., a Delaware Corporation, AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company, PRIME NOW, LLC, a Delaware Limited Liability Company, and WHOLE FOODS MARKET SERVICES, INC., a Texas Corporation, <br><br> Defendants. | Case No. 1:19-CV-00885-ADA <br><br><br> **PUBLIC VERSION** |

**DEFENDANTS' MOTION TO EXCLUDE TESTIMONY
OF PLAINTIFF'S EXPERT MR. ROBERT STOLL**

## TABLE OF CONTENTS

I. INTRODUCTION --------------------------------------------------------------------------- 1

II. FACTUAL BACKGROUND ---------------------------------------------------------------- 2

    A. Mr. Stoll's improper opinion about whether Ikan intended to abandon the '291 patent application or deceive the Patent Office --------------------------------- 2

    B. Mr. Stoll's recitation of basic principles of patent law and Patent Office procedure ------------------------------------------------------------------------------- 5

III. APPLICABLE LAW ------------------------------------------------------------------------ 6

IV. ARGUMENT -------------------------------------------------------------------------------- 7

    A. The Court should exclude Mr. Stoll's testimony and opinions regarding Ikan's intent to abandon the '291 application and deceive the Patent Office. ------------------------------------------------------------------------------------- 7

    B. Mr. Stoll's opinions about Ikan's compliance with Patent Office procedures for revival are irrelevant and prejudicial ---------------------------- 9

    C. The Court should exclude Mr. Stoll's recitation of the basics of patents and patent law ------------------------------------------------------------------------- 9

V. CONCLUSION ---------------------------------------------------------------------------- 10

# **TABLE OF AUTHORITIES**

*Cases:*                                                                                                                          *Page(s)*

*Adv. Tech. Incubator, Inc. v. Sharp Corp.*,
  No. 5:09-CV-00135, 2010 WL 1170148 (E.D. Tex. Mar. 22, 2010) ------------------------ 10

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
  573 U.S. 208 (2014) ------------------------------------------------------------------------------------- 2

*AstraZeneca UK Ltd. v. Watson Labs., Inc. (NV)*,
  No. C.A. No. 10–915–LPS, 2012 WL 6043266 (D. Del. Nov. 14, 2012) ------------------- 7

*Bone Care Int'l LLC v. Pentech Pharm., Inc.*,
  No. 08–CV–1083, 2010 WL 3928598 (N.D. Ill. Oct. 1, 2010) ------------------------------- 8

*Daubert v. Merrell Dow Pharm., Inc.*,
  509 U.S. 579 (1993) ---------------------------------------------------------------------------------- 1, 6

*Fisher v. Halliburton*,
  No. H-05-1731, 2009 WL 5216949 (S.D. Tex. Dec. 21, 2009) ------------------------------ 7

*Flores v. Schwerman Trucking Co.*,
  No. SA-09-CA-702-H, 2010 WL 11601105 (W.D. Tex. Aug. 12, 2010) -------------------- 9

*Fontem Ventures, B.V. v. NJOY, Inc.*,
  No. CV 14-1645-GW(MRWx), 2015 WL 12743861 (C.D. Cal. Oct. 22,
  2015) ------------------------------------------------------------------------------------------------------- 10

*Marlin v. Moody Nat'l Bank, N.A.*,
  248 F. App'x 534 (5th Cir. 2007) (unpublished) ------------------------------------------------ 7

*MV3 Partners LLC v. Roku, Inc.*,
  No. 6:18-cv-00308-ADA, Transcript of Proceedings, Dkt. 346 (W.D. Tex.
  Oct. 1, 2020) -------------------------------------------------------------------------------------------- 5

*Novartis Pharm. Corp. v. Teva Pharm. USA, Inc.*,
  No. 05–CV–1887 (DMC), 2009 WL 3754170 (D.N.J. Nov. 5, 2009) ---------------------- 7

*Quintel Tech. Ltd. v. Huawei Techs. USA, Inc.*,
  No. 4:15-CV-307, 2018 WL 626355 (E.D. Tex. Jan. 30, 2018) ---------------------------- 7

*Retractable Tech. Inc. v. Abbot Labs., Inc.*,
  No. 5:05-CV-157, 2010 WL 11531436 (E.D. Tex. June 18, 2010) ------------------------- 7

*In re Rosuvastatin Calcium Patent Litig.*,
  No. 07-359-JJF-LPS, 2009 WL 4800702 (D. Del. Dec. 11, 2009) ----------------------- 7–8

# TABLE OF AUTHORITIES
# (CONTINUNED)

*Page(s):*

*Sundance, Inc. v. DeMonte Fabricating Ltd.*,
    550 F.3d 1356 (Fed. Cir. 2008) ------------------------------------------------------------------ 10

**Statutes:**

35 U.S.C. § 101 ---------------------------------------------------------------------------- 2, 6, 9–10

35 U.S.C. § 112 ------------------------------------------------------------------------------- 2, 6, 10

**Other Authorities:**

37 C.F.R. § 1.137(a) ----------------------------------------------------------------------------------- 1

37 C.F.R. § 11.18 -------------------------------------------------------------------------------------- 4

Fed. R. Evid. 702 ----------------------------------------------------------------------------- 1, 6, 10

Fed. R. Evid. 403 ------------------------------------------------------------------------------------- 1

I.     INTRODUCTION

Defendants Amazon.com, Inc., Amazon.com Services LLC, Prime Now LLC, and Whole Foods Market, Inc. (collectively, "Amazon") move to exclude the opinions and testimony of Mr. Robert Stoll under Federal Rules of Evidence 702, Rule 403, and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Freshub intends to call Mr. Stoll as an expert in Patent Office procedures, but his proposed testimony is irrelevant, unfairly prejudicial, and not the proper subject of opinion testimony. It will not help the trier of fact to understand the evidence or to determine a fact in issue, and the Court should therefore exclude it.

*First,* Mr. Stoll intends to testify about the abandonment and revival of the '291 application.[1] Specifically, Mr. Stoll intends to testify that Ikan did not abandon prosecution intentionally—that the abandonment was instead "*inadvertent*"—and that Ikan also did not intend to deceive the Patent Office when it swore to that fact in order to revive the application. But Mr. Stoll has no personal knowledge about the abandonment and admitted he has no idea whether it was truly Ikan's mistake or a deliberate choice. So not only does Mr. Stoll propose to testify impermissibly to Ikan's state of mind, he intends to do so without any basis for his claims. Mr. Stoll also intends to testify that Ikan followed the correct *procedure* to revive an abandoned application and that the Patent Office granted Ikan's request. But that testimony is irrelevant and prejudicial, and Freshub offers it merely to confuse the issues. There is no dispute that Ikan followed the Patent Office procedure for revival or that the petition was granted. The dispute is whether in that petition Ikan *swore to a false statement* about its intent to abandon the '291

---

[1] As described more fully at Dkt. 101, the asserted patents all spring from the '291 application, which was originally assigned to Ikan Technologies, Inc. Ikan abandoned prosecution when it failed to respond to a final Office Action rejecting the claims, failed to respond to a Notice of Abandonment, and assigned the application (identified as abandoned) to a successor. Ikan petitioned to revive the application five years later and was required to attest that its *entire* delay in responding to the final Office Action was unintentional. 37 C.F.R. § 1.137(a).

1

application.  The fact that Ikan otherwise filled out a revival petition form correctly does not bear on that issue.

*Second*, Mr. Stoll also intends to testify about basics of the United States patent system, including explaining the parts of a patent, how the Patent Office examines patent applications, the law of patent subject matter eligibility under 35 U.S.C. § 101 and *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014), and the written description and enablement requirements of 35 U.S.C. § 112.  But Mr. Stoll performed no analysis of whether the patents asserted in this case comply with these requirements; he merely intends to testify that patent examiners follow these laws, suggesting that because of that, the jury should find the patents valid.  Numerous courts have excluded similar testimony as irrelevant and prejudicial.  The Court should also do so here.

## II.    FACTUAL BACKGROUND

Mr. Stoll's March 5, 2021 report is one of seven reports Freshub served in this case.[2]  Mr. Stoll is a lawyer at Faegre Drinker Biddle & Reath LLP and previously held several positions at the Patent Office.  In his report, Mr. Stoll opines on topics that include whether Ikan intended to abandon the '291 patent application, the basics of patents and patent law, and the job duties and thought process of patent examiners.

### A.    Mr. Stoll's improper opinion about whether Ikan intended to abandon the '291 patent application or deceive the Patent Office

Mr. Stoll intends to testify about Ikan's subjective intent during the abandonment and revival of the '291 application.  (Decl. of Todd R. Gregorian ("Gregorian Decl."), Ex. 1 (Stoll Report) at ¶¶ 23, 97, 100-103.)  Specifically, he intends to testify that Ikan's abandonment was unintentional and that it did not intend to deceive the Patent Office about that fact when it revived

---

[2] Freshub has also served expert reports from Nenad Medvidovic, Nathaniel Polish, Marcus Reading, Mona Singh, Eric Cole, and Eric Striegel.

2

the application.  Among other similar comments, he states that:

- ██████████████████████████████████████████████████
  ████████████████████████████████

- ██████████████████████████████████████████████████
  ██████████████████████████████████████████

- ██████████████████████████████████████████████████
  ██████████████████████████████████████████████████
  ████████

- ██████████████████████████████████████████████████
  ██████████████████████████████████████████████████
  ██████████████████████████████████████

Mr. Stoll has no support for these opinions; they are merely his directions to the factfinder about the conclusion it should reach.  ████████████████████████████████ ██████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████ ████████████████████████████████████  Mr. Stoll simply has no basis from which to testify about what Ikan knew or intended, and thus no basis to testify as to whether Mr. Weiss's

3

sworn statement that the abandonment was "unintentional" is true or false. And because he admitted he does not actually know whether Ikan met the requirements to revive an abandoned application, Mr. Stoll has no basis to testify to his further conclusion that "the Patent Office properly granted the petition to revive the underlying application." (Stoll Report at ¶ 96.)[3]

██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
████████████████████████████ Mr. Stoll merely intends to parrot Mr. Weiss's own claim to have investigated, giving that testimony an expert's gloss.

██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████

---

[3] Mr. Stoll's avoidance of the relevant witnesses is in fact *the opposite* of what an expert in his field does to investigate whether a patent was abandoned intentionally. In his own practice, for example, Mr. Stoll ███████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████

But this "analysis" is circular. Mr. Stoll intends to testify that Ikan's abandonment was unintentional based on the very statement alleged to be false.[4]

### B. Mr. Stoll's recitation of basic principles of patent law and Patent Office procedure

In other sections of his report, Mr. Stoll recites basic principles of patent law and Patent Office procedures. These include a description of the parts of a patent—the front page, specification, and claims—as well as an explanation of a patent's prosecution history. (Stoll Report at ¶¶ 25-36.) Mr. Stoll discusses other facts about the United States patent system, such as the Constitutional authority to establish the system and the disclosures required by an inventor seeking a patent (*id.* at ¶¶ 37-40), and he lists the sources of law that govern the business of the Patent Office (*id.* at ¶¶ 41-42). Mr. Stoll explains patent examination, discussing office actions and the potential responses and information that an inventor might supply to the examiner. (*Id.* at ¶¶ 43-55.) Mr. Stoll concludes by noting how an application that makes it through the examination process becomes an issued patent. (*Id.* at ¶¶ 56-67.)

None of this information will be helpful to the fact finder. The Court itself is familiar with this information, and it also has a practice of playing the Federal Judicial Center video[5] to familiarize the jury with patents and patent law. *E.g.*, *MV3 Partners LLC v. Roku, Inc.*, No. 6:18-cv-00308-ADA, Transcript of Proceedings, Dkt. 346 at 123:10-15 (W.D. Tex. Oct. 1, 2020) (Albright, J.). When asked in deposition, Mr. Stoll could not identify what, if anything, in these portions of his report is not already covered by the video. (Stoll Depo. at 107:5-11; 108:7-17.)

---

[4] Mr. Stoll opines also that the revival of the '291 application followed Patent Office procedures and that petitions to revive are relatively common. (Stoll Report at ¶¶ 75-80, 95-99.) As discussed below, there is no material dispute as to these facts; they are irrelevant, and Mr. Stoll's testimony about them confuses the issues.

[5] The Patent Process: An Overview for Jurors, Federal Judicial Center (Jan. 1, 2013), https://www.fjc.gov/publications/patent-process-overview-jurors.

Finally, Mr. Stoll discusses patent subject matter eligibility under 35 U.S.C. § 101 (Stoll Report at ¶¶ 68-74), and the written description and enablement requirements of 35 U.S.C. § 112, (*id.* at ¶¶ 27-35).  In sum, rather than offering testimony to assist the jury in its evaluating patent eligibility and invalidity, Mr. Stoll intends to testify that the examiner already considered these issues.

### III.   APPLICABLE LAW

District judges must act as "gatekeepers" to ensure that proposed expert testimony "rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597. A witness qualified as an expert may testify if: the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; the testimony is based in sufficient facts or data; the testimony is the product of reliable principles and methods; and the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702. Non-relevant expert testimony should be excluded under Rule 702 because it is "non-helpful." *Daubert*, 509 U.S. at 591.

IV.     **ARGUMENT**

      A.     **The Court should exclude Mr. Stoll's testimony and opinions regarding Ikan's intent to abandon the '291 application and to deceive the Patent Office.**

The Court should prohibit Mr. Stoll from offering any opinions regarding Ikan's intent or state of mind, including his proposed testimony: (1) that Ikan's abandonment of the '291 application was "inadvertent," "unintentional," or a mistake; and (2) that Ikan did not intend to deceive the Patent Office when it offered a sworn statement to that effect in order to revive the application.

"[E]xpert witnesses are not permitted to testify regarding 'intent, motive, or state or mind, or evidence by which such state of mind may be inferred.'" *In re Rosuvastatin Calcium Patent Litig.*, No. 07-359-JJF-LPS, 2009 WL 4800702, at *8 (D. Del. Dec. 11, 2009) (quoting *Oxford Gene Tech., Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 431, 443 (D. Del. 2004)).  The justification for this is straightforward:  "An expert's credentials do not place him in a better position than the jury to draw conclusions about a [party's] state of mind." *Marlin v. Moody Nat'l Bank, N.A.*, 248 F. App'x 534, 541 (5th Cir. 2007) (unpublished).  For this reason, courts routinely exclude opinion testimony that purports to divine a party's subjective intent, including a patent applicant's intent when dealing with the Patent Office.[6]

---

[6] *See, e.g., AstraZeneca UK Ltd. v. Watson Labs., Inc. (NV)*, No. C.A. No. 10–915–LPS, 2012 WL 6043266, at *2 (D. Del. Nov. 14, 2012) (excluding expert testimony regarding what inventors "knew" and "considered" regarding prior art disclosures during prosecution); *Novartis Pharm. Corp. v. Teva Pharm. USA, Inc.*, No. 05–CV–1887 (DMC), 2009 WL 3754170, at *8 (D.N.J. Nov. 5, 2009) (expert not permitted to address the mental state of the patentees, *including* any drawing of inferences from the underlying facts or opining as to the intent of those parties in presenting their patent applications); *Quintel Tech. Ltd. v. Huawei Techs. USA, Inc.*, No. 4:15-CV-307, 2018 WL 626355, at *3 (E.D. Tex. Jan. 30, 2018) (excluding expert testimony that purported to infer a party's state of mind by analyzing technical documents); *Retractable Tech. Inc. v. Abbot Labs., Inc.*, No. 5:05-CV-157, 2010 WL 11531436, at *4–7 (E.D. Tex. June 18, 2010) (excluding an expert's testimony related to a party's knowledge, intent, or belief); *accord Fisher v. Halliburton*, No. H-05-1731, 2009 WL 5216949, at *2 (S.D. Tex. Dec. 21, 2009) ("[A] trial court may strike expert testimony that evaluates a party's state of mind, as that evaluation is within the province of

7

In the *In re Rosuvastatin* case, for example, the defendants asserted that the patentee committed inequitable conduct by withholding material prior art. The plaintiff offered two experts to testify about employees who had allegedly known and withheld the prior art references at issue. 2009 WL 4800702, at *8. The first expert would have testified that one such employee "apparently did not recognize" any issue concerning the prior art, and also that "she would have submitted" the references to the Patent Office had she not changed jobs during the prosecution. *Id.* The second expert would have testified about another employee's "knowledge and understanding" of the withheld prior art references. *Id.* at *9. The Court recognized that these opinions about the patentee's state of mind were merely argument about what inferences the factfinder should draw from the other evidence of record. *Id.* at *8. The Court therefore excluded both opinions. *Id.* at *9.

Mr. Stoll's opinions here are the same.  As a result, Mr. Stoll's opinions are improper and the Court should exclude them.

---

the jury."); *Bone Care Int'l LLC v. Pentech Pharm., Inc.*, No. 08–CV–1083, 2010 WL 3928598, at *9 (N.D. Ill. Oct. 1, 2010) (patent procedure experts "are not mind-readers") (citation omitted).

8

### B. Mr. Stoll's opinions about Ikan's compliance with Patent Office procedures for revival are irrelevant and prejudicial.

Mr. Stoll's opinions about Ikan's compliance with Patent Office procedures for reviving an abandoned application are similarly inappropriate. ██████████████████████████████████████████████████████████████████████████████████████████████████ But the parties do not dispute that Ikan submitted a petition that satisfied the formal requirements of the Patent Office. They dispute whether Ikan falsified information in the petition to induce the Patent Office to approve it. Testimony that Ikan's petition recited the necessary information is thus both irrelevant (it does not tend to show that Ikan's statement of unintentional delay was true or false, nor does it show whether Ikan offered that statement to deceive), and prejudicial (by testifying that the petition met all "requirements," Mr. Stoll improperly suggests that the statement of unintentional delay was true). As a result, the Court should exclude Mr. Stoll's testimony.

### C. The Court should exclude Mr. Stoll's recitation of the basics of patents and patent law.

"No witness, 'expert' or otherwise, is permitted to testify as to the applicability or the interpretation of any statute or regulation, state or federal. Only the Court can instruct the jury as to the meaning or the applicability of statutes and regulations." *Flores v. Schwerman Trucking Co.*, No. SA-09-CA-702-H, 2010 WL 11601105, at *1 (W.D. Tex. Aug. 12, 2010). Here, Mr. Stoll intends to teach the jury about the U.S. patent system and explain the legal requirements to obtain a patent. But the Court will do that on its own without the need for Mr. Stoll's assistance. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Mr. Stoll's explanations of subject matter eligibility (§ 101) and the written description and

9

enablement requirements (§ 112) are especially problematic. (Stoll Report at ¶¶ 68-74; 27-35, 103-104.) Not only will the Court instruct the jury on these subjects, Mr. Stoll is not a person of ordinary skill in the art and is not qualified to provide *any* opinion about whether the asserted patents meet the requirements of §§ 101 or 112. (Stoll Depo. at 16:5-21; 17:19-18:8; 107:16-108:6); *see Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1363 (Fed. Cir. 2008) ("where an issue calls for consideration of evidence from the perspective of one of ordinary skill in the art, it is contradictory to Rule 702 to allow a witness to testify on the issue who is not qualified as a technical expert in that art"). Mr. Stoll attempts to bypass this lack of qualifications by testifying that the *patent examiners* considered these legal requirements when deciding whether to approve the asserted patents, thus implying that the patents' eligibility and validity has already been decided. But this, too, is impermissible. *See Adv. Tech. Incubator, Inc. v. Sharp Corp.*, No. 5:09-CV-00135, 2010 WL 1170148, at *3 (E.D. Tex. Mar. 22, 2010) (excluding patent expert opinion that patent examiner complied with 35 U.S.C. § 112 without any independent analysis); *Fontem Ventures, B.V. v. NJOY, Inc.*, No. CV 14-1645-GW(MRWx), 2015 WL 12743861, at *19 (C.D. Cal. Oct. 22, 2015) (same). Such testimony will tend to confuse the jury and would prejudice Amazon. The Court should exclude it.

## V. CONCLUSION

For the foregoing reasons, Amazon requests that the Court exclude the testimony of Mr. Stoll.

April 22, 2021                                          Respectfully submitted,

*Of Counsel:*                                           */s/ Todd R. Gregorian*
                                                        J. David Hadden, CSB No. 176148
Barry K. Shelton (TX Bar #24055029)                     dhadden@fenwick.com
bshelton@sheltoncoburn.com                              Saina S. Shamilov, CSB No. 215636
SHELTON COBURN LLP                                      sshamilov@fenwick.com
311 RR 620 S, Suite 205                                 Todd R. Gregorian, CSB No. 236096
Austin, TX 78734                                        tgregorian@fenwick.com
Tel: (512) 263-2165                                     Ravi R. Ranganath, CSB No. 272981
Fax: (512) 263-2166                                     rranganath@fenwick.com
                                                        Vigen Salmastlian, CSB No. 276846
Deron R. Dacus (TX Bar #00790553)                       vsalmastlian@fenwick.com
ddacus@dacusfirm.com                                    Allen Wang, CSB No. 278953
THE DACUS FIRM, P.C.                                    allen.wang@fenwick.com
821 ESE Loop 323, Suite 430                             Eric B. Young, CSB No. 318754
Tyler, TX 75701                                         eyoung@fenwick.com
Tel: (903) 705-1117                                     **FENWICK & WEST LLP**
Fax: (903) 581-2543                                     801 California Street
                                                        Mountain View, CA  94041
                                                        Telephone:  650.988.8500
                                                        Facsimile:  650.938.5200

                                                        *Counsel for Defendants*
                                                        *AMAZON.COM, INC., AMAZON.COM*
                                                        *SERVICES LLC, PRIME NOW, LLC, and*
                                                        *WHOLE FOODS MARKET SERVICES, INC.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 22, 2021, a copy of the foregoing was served via email on all counsel of record who are deemed to have consented to such service.

*s/ Todd R. Gregorian*
Todd R. Gregorian
