# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| FRESHUB, INC., a Delaware Corporation, and FRESHUB, LTD., an Israeli Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>AMAZON.COM INC., a Delaware Corporation, AMAZON.COM SERVICES, LLC, a Delaware Limited Liability Company, PRIME NOW, LLC, a Delaware Limited Liability Company WHOLE FOODS MARKET SERVICES, INC., a Texas Corporation,<br><br>Defendants. | Case No.: 1:19-CV-00885-ADA |

## PLAINTIFFS FRESHUB, INC. AND FRESHUB, LTD.'S MOTION *IN LIMINE* NO. 2

Paul J. Andre
Lisa Kobialka
James Hannah
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com

John Palmer
Texas Bar No. 15430600
NAMAN HOWELL SMITH & LEE PLLC
400 Austin Ave., Suite 800, P.O. Box 1470
Waco, TX 76703
Telephone: (254) 755-4100
Facsimile: (254) 754-6331
palmer@namanhowell.com

*Attorneys for Plaintiffs,*
FRESHUB, INC. and FRESHUB, LTD.

Dated: April 30, 2021

# TABLE OF CONTENTS

**Page**

I. Defendants' Alleged Inequitable Conduct Defense ............................................................. 1

II. Reference to Absence of Testimony from Non-Party Named Inventors ........................... 2

III. Freshub's Filing Date of the Continuation Applications ..................................................... 3

IV. Characterization of the Asserted Patents as "Refrigerator" Patents ................................... 5

V. Conclusion ........................................................................................................................... 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Advanced Tech. Incubator, Inc. v. Sharp Corp.*,
    No. 5:09-cv-135, 2010 WL 11451797 (E.D. Tex. Mar. 31, 2010) ............................................ 2

*Allergan Sales, LLC v. UCB, Inc.*,
    No. 2:15-cv-01001-JRG-RSP, 2016 WL 8201783 (E.D. Tex. Nov. 2, 2016) ........................... 1

*In re Biogen '755 Patent Litig.*,
    No. 10-2734 (CCC) (JBC), 2018 WL 3613162 (D.N.J. July 26, 2018) .................................... 3

*Changzhou Kaidi Elec. Co. v. Okin Am., Inc.*,
    No. CIV. CCB-13-1798, 2015 WL 2168840 (D. Md. May 7, 2015) ....................................... 3

*DataTreasury Corp. v. Wells Fargo & Co.*,
    No. 2:06-cv-72 DF, 2010 WL 11538713 (E.D. Tex. Feb. 26, 2010) ....................................... 1

*eTool Dev., Inc. v. Nat'l Semiconductor Corp.*,
    No. 2:08-cv-19-WCB, 2011 WL 12677158 (E.D. Tex. Dec. 12, 2011) ................................... 1

*Intellectual Ventures II LLC v. FedEx Corp.*,
    No. 2:16-CV-00980-JRG, 2018 WL 10638138 (E.D. Tex. Apr. 26, 2018) .............................. 3

*Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*,
    863 F.2d 867 (Fed. Cir. 1988) ................................................................................................... 4

*Monsanto Co. v. Bayer Bioscience N.V.*,
    No. 4:00cv01915 ERW, 2005 WL 5989796 (E.D. Mo. Oct. 28, 2005) .................................. 2

*MV3 Partners LLC v. Roku, Inc.*,
    No. 6:18-cv-00308-ADA, Dkt. No. 332, Order (W.D. Tex. Sept. 29, 2020)
    (Albright, J.) ............................................................................................................................. 1

*PerSeptive Biosys., Inc. v. Pharmacia Biotech, Inc.*,
    225 F.3d 1315 (Fed. Cir. 2000) ................................................................................................ 1

*VLSI Tech. LLC v. Intel Corp.*,
    No. 6:21-CV-00057-ADA, Dkt. No. 508, Order (W.D. Tex. Feb. 19, 2021) .......................... 3

**Rules**

Fed. R. Evid. 401-403 ................................................................................................... 2, 3, 4, 5

Fed. R. Evid. 602 ........................................................................................................................ 3

Plaintiffs Freshub, Inc. and Freshub, Ltd. (collectively, "Freshub") respectfully move the Court *in limine* for an order excluding any reference, evidence, testimony (both lay and expert), or arguments concerning (I) Defendants' inequitable conduct defense; (II) the absence of testimony from non-party named inventors; (III) Freshub's filing date of the continuation applications; and (IV) characterizations of the Asserted Patents as "refrigerator" patents.

## I. Defendants' Alleged Inequitable Conduct Defense

To the extent the Court does not grant Freshub's Motion for Summary Judgment for No Inequitable Conduct (*see* Dkt. Nos. 105, 154), Defendants should not present their equitable defense to the jury because it is an issue to be decided by the Court, not the jury.  "The defense of inequitable conduct is entirely equitable in nature, and thus not an issue for a jury to decide." *PerSeptive Biosys., Inc. v. Pharmacia Biotech, Inc.*, 225 F.3d 1315, 1318 (Fed. Cir. 2000) (citations omitted); *see also* Declaration of Christina Finn in Support of Freshub's Motions *In Limine* ("Finn Decl."), Ex. 9, *MV3 Partners LLC v. Roku, Inc.,* No. 6:18-cv-00308-ADA, Dkt. No. 332, Order at 3 (W.D. Tex. Sept. 29, 2020) (precluding party from presenting evidence related to inequitable conduct) (Albright, J.); *Allergan Sales, LLC v. UCB, Inc.,* No. 2:15-cv-01001-JRG-RSP, 2016 WL 8201783, at *4 (E.D. Tex. Nov. 2, 2016) ("equitable defenses [are] decided by the Court, not the jury.").  Accordingly, Courts routinely preclude litigants from presenting evidence or argument in support of equitable defenses (such as inequitable conduct) to juries because the jury's consideration of evidence not relevant to its task risks confusion and prejudice.  *See eTool Dev., Inc. v. Nat'l Semiconductor Corp.,* No. 2:08-cv-19-WCB, 2011 WL 12677158, at *1 (E.D. Tex. Dec. 12, 2011) (bifurcating inequitable conduct trial, holding that "presentation of evidence bearing on non-jury issues … could result in confusion … or … risk of prejudicing the jury's consideration of issues properly before it"); *see also DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06-cv-72 DF, 2010 WL 11538713, at *13 (E.D. Tex. Feb. 26, 2010)

(precluding inequitable conduct evidence which was to be reserved for a separate bench trial); *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, No. 5:09-cv-135, 2010 WL 11451797, at *3 (E.D. Tex. Mar. 31, 2010) (same); *Monsanto Co. v. Bayer Bioscience N.V.*, No. 4:00cv01915 ERW, 2005 WL 5989796, at *24 (E.D. Mo. Oct. 28, 2005) (precluding "[e]vidence and arguments relevant only to inequitable conduct" from being presented to the jury).

Here, there is no overlap of evidence between issues to be decided by the jury (such as invalidity), and issues to be decided by the Court (such as materiality or intent for inequitable conduct). Defendants' inequitable conduct defense relates to Freshub's revival of an abandoned patent application, and thus is irrelevant to potential prior art or other invalidity defenses. Accordingly, Defendants should not be permitted to offer any evidence or argument to the jury in support of or relating to any of the allegations in its inequitable conduct defense.

## II.     Reference to Absence of Testimony from Non-Party Named Inventors

Defendants should be precluded from making any reference to or seeking to elicit evidence regarding the absence of any testimony from the named inventors, or regarding the absence of the inventors at trial, because it has no bearing on the issues of infringement, validity, or damages, and would only serve to confuse and prejudice the jury. Fed. R. Evid. 401-403. All of the named inventors are non-parties to the litigation and most are located in Brazil. Defendants made no effort to subpoena or seek testimony from the Brazil inventors during discovery. Finn Decl., ¶ 13. With respect to named inventor Sion Elie ("Sony") Douer, Defendants only attempted to subpoena him unsuccessfully during the last six weeks of discovery. *Id*. Relatedly, Defendants should not be allowed to introduce hearsay testimony from Freshub's CEO, Mr. Zohar, and unauthenticated documents suggesting that Mr. Douer "evaded service," in an attempt to disparage Freshub's lawful assertion of the Asserted Patents. *See* Dkt. No. 101 at 5. Any attempts to introduce such evidence would simply serve as a sideshow with

no relevance to the issues to be decided **by the jury** and should be precluded. Fed. R. Evid. 401-403, 602. Any mention of Mr. Douer's presence, absence or Defendants' failed attempts to secure his testimony, would be highly prejudicial to Freshub and should thus be excluded. *Id.*

Courts, including this one, have granted motions *in limine* excluding references to the absence of inventors at trial as irrelevant under Rules 401-403. *See* Finn Decl., Ex. 8, *VLSI Tech. LLC v. Intel Corp.,* No. 6:21-CV-00057-ADA, Dkt. No. 508, Order at 4-5 (W.D. Tex. Feb. 19, 2021) (accused infringer "cannot intimate that [Plaintiff] should've/could've brought inventors and they're hiding something unless [Plaintiff] opens the door"); *see also Intellectual Ventures II LLC v. FedEx Corp.,* No. 2:16-CV-00980-JRG, 2018 WL 10638138, at *4 (E.D. Tex. Apr. 26, 2018) (granting motion in limine to "[p]reclude FedEx from commenting on the absence of any of the Asserted Patents' non-party inventors throughout the litigation, including at trial."); *In re Biogen '755 Patent Litig.,* No. 10-2734 (CCC) (JBC), 2018 WL 3613162, at *2 (D.N.J. July 26, 2018) (excluding evidence or arguments that any inference can be drawn against plaintiff because of the absence at trial of the sole named inventor of the patent); *Changzhou Kaidi Elec. Co. v. Okin Am., Inc.,* No. CIV. CCB-13-1798, 2015 WL 2168840, at *2 (D. Md. May 7, 2015) (granting "motion to exclude any comment on the absence of the patent's inventor … from the trial[.]"). Therefore, the Court should exclude any evidence, argument, or intimation at trial regarding the absence of testimony from the non-party named inventors or their absence at trial.

### III. Freshub's Filing Date of the Continuation Applications

Defendants should be precluded from making any reference to or seeking to elicit evidence regarding Freshub's filing of continuation applications for the Asserted Patents after the Accused Products were released. Fed. R. Evid. 401-403. The date that the continuation applications were filed is not relevant to any issue in the case, including infringement, validity

and damages. It is entirely proper to amend or add claims during prosecution to cover later-released products, so long as the specification supports such claims. *Kingsdown Med. Consultants, Ltd. v. Hollister Inc.,* 863 F.2d 867, 874 (Fed. Cir. 1988). The Asserted Patents have the same enforceability and value regardless of the filing date of the continuation applications. Any attempt by Defendants to suggest otherwise is a blatant attempt to paint Freshub as a bad actor for simply utilizing the common practice of filing continuation applications. This would be highly prejudicial to Freshub and would mislead and confuse the jury with respect to infringement, validity and damages, and should not be allowed. Fed. R. Evid. 401-403.

      Defendants should not be allowed to make reference to filing the continuation applications after the Accused Products were released, because it may confuse or mislead the jury into thinking there can be no infringement since the Accused Products existed before the continuation applications were filed. This is contrary to the law. Nor should Defendants be allowed to suggest that the jury can draw a negative inference that Freshub filed the continuations solely to get Defendants on the hook for infringement. Any such inference would be highly prejudicial to Freshub. Similarly, Defendants should not be allowed to mislead the jury with respect to validity, for example, by suggesting that because the continuation applications were filed after the Accused Products were released, it is more likely that the specification does not support the later-filed claims. Again, this is contrary to law and would thus be misleading, confusing and prejudicial. With respect to damages, any reference by Defendants to the filing date of the continuation applications may confuse and mislead the jury by suggesting that the Asserted Patents are less valuable because they were filed after the Accused Products were released or that Freshub's application filings were unfair to Defendants

and so damages should be reduced.  None of these potential prejudicial and misleading outcomes should be allowed.  Fed. R. Evid. 401-403.  Thus, Defendants should be precluded from referring or alluding to the timing of filing the continuation patents which led to the Asserted Patents.

**IV.    Characterization of the Asserted Patents as "Refrigerator" Patents**

Defendants should not be allowed to refer to the Asserted Patents as "refrigerator patents" or other similar characterizations, because the claims have nothing to do with refrigerators and referring to them as such would only serve to confuse and mislead the jury into believing that the claims require elements that are not present, and would be contrary to the Court's claim construction.   Fed. R. Evid. 401-403.  While the Asserted Patents do not have any claims directed to a refrigerator system, there is one patent in the family that does, but that patent is not at issue.  Dkt. No. 176-1.  Any attempt by Defendants to mischaracterize the patents as "refrigerator patents" or the like is a blatant attempt to mislead the jury with respect to the propriety of Freshub's normal utilization of the available continuation application process.  *See* Dkt. 101 at 1-5.  Any such suggestion to the jury that filing continuation applications is improper will be misleading and prejudicial to Freshub, as explained above in Freshub's MIL No. 1.3. Fed. R. Evid. 401-403.  Although Defendants agree that "there is not to be any testimony or argument contrary to the Court's claim construction," Defendants inexplicably assert that such agreement does not preclude them from characterizing the Asserted Patents as "refrigerator patents."  This is illogical.  If Defendants thought that some claim language of the Asserted Patents requires a refrigerator, Defendants could have sought such a claim construction.  They did not.  Thus, Defendants' only basis for referring to anything as "refrigerator patents" is to confuse and mislead the jury regarding the nature and scope of the Asserted Patents and suggest that Freshub would need to find a refrigerator for infringement.  Thus, Defendants should be

5

precluded from referring to the Asserted Patents as being related to anything beyond what the claim language and the Court's construction allow.

V. **Conclusion**

For the foregoing reasons, Freshub respectfully requests the Court to grant Freshub's Motion.

Respectfully submitted

Dated:  April 30, 2021              By: */s/ Lisa Kobialka*
                                                           Paul J. Andre (*pro hac vice*)
                                                           Lisa Kobialka (*pro hac vice*)
                                                           James Hannah (*pro hac vice*)
                                                           KRAMER LEVIN NAFTALIS
                                                           & FRANKEL LLP
                                                           990 Marsh Road
                                                           Menlo Park, CA 94025
                                                           Telephone: (650) 752-1700
                                                           Facsimile: (650) 752-1800
                                                           pandre@kramerlevin.com
                                                           lkobialka@kramerlevin.com
                                                           jhannah@kramerlevin.com

                                                           John Palmer
                                                           Texas Bar No. 15430600
                                                           NAMAN HOWELL SMITH
                                                           & LEE PLLC
                                                           400 Austin Ave., Suite 800,
                                                           P.O. Box 1470
                                                           Waco, TX 76701
                                                           Telephone: (254) 755-4100
                                                           Facsimile: (254) 754-6331
                                                           palmer@namanhowell.com

                                                           *Attorneys for Plaintiffs*
                                                           FRESHUB, INC. and FRESHUB, LTD.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on April 30, 2021, the foregoing document was filed electronically with the Clerk of Court using the Court's CM/ECF system, which will send a Notice of Electronic Filing on all counsel of record. In addition, the foregoing document was served on April 30, 2021, on counsel of record for all other parties who have appeared in this action via electronic mail.

*/s/ Lisa Kobialka*
Lisa Kobialka
