# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| FRESHUB, INC. and FRESHUB, LTD.,<br><br>   Plaintiffs,<br><br> v.<br><br>AMAZON.COM, INC., a Delaware Corporation, AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company, PRIME NOW, LLC, a Delaware Limited Liability Company, and WHOLE FOODS MARKET SERVICES, INC., a Texas Corporation,<br><br>   Defendants. | Case No. 1:19-CV-00885-ADA<br><br>**PUBLIC VERSION** |

**DEFENDANTS' MOTION *IN LIMINE***

**TABLE OF CONTENTS**

I. AMAZON'S TOTAL PROFITS ------------------------------------------------------------- 1

II. REFERENCE TO STEALING OR TRESPASS BY DEFENDANTS ------------------------------------------------------------------------------ 2

III. REFERENCE TO NON-INSTITUTED IPRS ----------------------------------------- 3

IV. REFERENCE TO ALEXA PRIVACY ISSUES, OR ANY SUGGESTION THAT AMAZON IS RECORDING OR SPYING ON ITS CUSTOMERS -------------------------------------------------------------------- 5

V. DR. COLE'S IRRELEVANT OPINION REGARDING ALEXA'S RECORDING OF USER UTTERANCES ---------------------------------------------- 6

VI. REFERENCE TO WHOLE FOODS, INCLUDING ANY PRE-SUIT MEETINGS BETWEEN PLAINTIFFS/IKAN AND WHOLE FOODS ------------------------------------------------------------------------------- 7

VII. RELATIVE SIZE OF THE PARTIES ---------------------------------------------------- 8

VIII. REFERENCE TO PRESUMPTION OF PATENT VALIDITY --------------------- 9

## TABLE OF AUTHORITIES

**Cases:** *Page(s):*

*Acantha LLC v. DePuy Orthopaedics Inc.*,
    No. 15-C-1257, 2018 WL 2431852 (E.D. Wis. May 30, 2018) ---------------------------------- 4

*Adv. Tech. Incubator, Inc. v. Sharp Corp.*,
    No. 5:09-CV-135, 2010 WL 11451797 (E.D. Tex. Mar. 31, 2010) ----------------------------- 5

*Alloc, Inc. v. Pergo, Inc.*,
    No. 02-C-0736, 2007 WL 5289735 (E.D. Wis. Nov. 21, 2007) ------------------------------- 10

*Am. Tech. Ceramics Corp. v. Presidio Components, Inc.*,
    No. 14-CV-6544(KAM)(GRB), 2019 WL 2330855 (E.D.N.Y. May 31, 2019) ---------------- 8

*Andover Healthcare, Inc. v. 3M Co.*,
    No. CV 13-843-LPS, 2016 WL 6404111 (D. Del. Oct. 27, 2016) -------------------------------- 3

*Axcess Int'l, Inc. v. Savi Techs., Inc.*,
    No. 3:10-CV-1033-F, Dkt. 270 (N.D. Tex. Jan. 25, 2013) --------------------------------------- 9

*BMC Software, Inc. v. ServiceNow, Inc.*,
    No. 2:14-CV-903-JRG, 2016 WL 379620 (E.D. Tex. Feb. 1, 2016) ---------------------------- 2

*Chiron Corp. v. Genentech, Inc.*,
    363 F.3d 1247 (Fed. Cir. 2004) --------------------------------------------------------------------- 10

*Cooper Tire and Rubber Co. v. Farese*,
    No. 3:02-CV-210-SA-JAD, 2008 WL 5382416 (N.D. Miss. Dec. 19, 2008) -------------------- 9

*DataTreasury Corp. v. Wells Fargo & Co.*,
    No. 2:06-CV-72 DF, 2010 WL 11538713 (E.D. Tex. Feb. 26, 2010) ----------------------- 5, 6

*Daubert v. Merrell Dow Pharms., Inc.*,
    509 U.S. 579 (1993) -------------------------------------------------------------------------------- 6, 7

*Enovsys LLC v. AT&T Mobility LLC*,
    No. CV 11-5210 SS, 2015 WL 12857466 (C.D. Cal. June 11, 2015) --------------------------- 8

*Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*,
    No. 2:15-CV-1202-WCB, 2017 WL 959592 (E.D. Tex. Mar. 13, 2017) -------------------- 9, 10

*Ericsson, Inc. v. D-Link Sys., Inc.*,
    773 F.3d 1201 (Fed. Cir. 2014) ----------------------------------------------------------------------- 1

*EVM Sys., LLC v. Rex Med., L.P.*,
    No. 6:13-CV-184, Dkt 183 (E.D. Tex. June 10, 2015) ------------------------------------------ 10

## TABLE OF AUTHORITIES
## (CONTINUED)

*Page(s):*

*Finjan, Inc. v. Sophos, Inc.*,
   No. 14-CV-01197-WHO, 2016 WL 4560071 (N.D. Cal. Aug. 22, 2016) ............................ 3

*Hillman Group, Inc. v. KeyMe, LLC*,
   Nos. 2:19-CV-00209-JRG, 2:20-CV-00070-JRG, 2021 WL 1248180 (E.D.
   Tex. Mar. 30, 2021) ........................................................................................................ 7

*HTC Corp. v. Tech. Props. Ltd.*,
   No. 5:08-CV-00882-PSG, 2013 WL 4782598 (N.D. Cal. Sept. 6, 2013) ......................... 2

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
   No. 2:16-cv-00052-JRG-RSP, Dkt. 440 (E.D. Tex. Sept. 29, 2017) ................................ 2

*Implicit, LLC v. Trend Micro, Inc.*,
   No. 6:16-CV-00080-JRG, Dkt. 253 (E.D. Tex. Oct. 3, 2017) .......................................... 2

*Intell. Ventures II LLC v. FedEx Corp.*,
   No. 2:16-CV-00980-JRG, 2018 WL 10638138 (E.D. Tex. Apr. 26, 2018) ..................... 9

*Interdigital Commc'ns Inc. v. Nokia Corp.*,
   No. 13-10-RGA, 2014 WL 8104167 (D. Del. Sept. 19, 2014) ........................................ 3

*Milwaukee Elec. Tool Corp. v. Snap-On Inc.*,
   No. 14-CV-1296-JPS, 2017 WL 4570787 (E.D. Wis. Oct. 12, 2017) ............................. 4

*MobileMedia Ideas, LLC v. HTC Corp.*,
   No. 2:10-cv-112-JRG, 2013 WL 12158524 (E.D. Tex. Apr. 24, 2013) ....................... 2, 5

*MV3 Partners LLC v. Roku, Inc.*,
   No. W-18-cv-308, Dkt. 393 (W.D. Tex. Oct. 13, 2020) .................................................. 9

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
   No. 2:13-CV-213-JRG-RSP, 2015 WL 627430 (E.D. Tex. Jan. 31, 2015) .................. 2, 3

*Rogers v. Medline Indus., Inc.*,
   No. 1:17-cv-118-HSO-RHW, 2019 WL 402361 (S.D. Miss. Jan. 31, 2019) .................. 9

*Seven Networks, LLC v. Google LLC*,
   No. 2:17-CV-00442-JRG, Dkt. 606 (E.D. Tex. Jan. 18, 2019) ........................................ 7

*SimpleAir, Inc. v. AWS Convergence Techs., Inc.*,
   No. 2:09-CV-289, Dkt. 505 (E.D. Tex. Apr. 3, 2012) ..................................................... 2

# TABLE OF AUTHORITIES
# (CONTINUED)

*Page(s):*

*State Indus., Inc. v. A.O. Smith Corp.*,
  751 F.2d 1226 (Fed. Cir. 1985) ......................................................................... 8

*Tesco Corp. v. Weatherford Int'l Inc.*,
  750 F. Supp. 2d 780 (S.D. Tex. 2010) .............................................................. 4

*Uniloc USA, Inc. v. Microsoft Corp.*,
  632 F.3d 1292 (Fed. Cir. 2011) ......................................................................... 1

*Vaporstream, Inc. v. Snap Inc.*,
  No. 17-cv-220-MLH, 2020 WL 978731 (C.D. Cal. Feb. 28, 2020) .................. 3

*Voda v. Cordis Corp.*,
  No. CIV-03-1512-L, 2006 WL 5347777 (W.D. Okla. May 10, 2006) ............ 10

*Wis. Alumni Rsch. Found. v. Apple, Inc.*,
  135 F. Supp. 3d 865 (W.D. Wis. 2015) ............................................................ 4

*Ziilabs Inc., Ltd. v. Samsung Elecs. Co.*,
  No. 2:14-CV-203-JRG-RSP, 2015 WL 13617214 (E.D. Tex. Oct. 28, 2015) ........................... 3

**STATUTES**

35 U.S.C. § 311(b) ................................................................................................... 4

Tex. Penal Code § 30.05 .......................................................................................... 2

Tex. Penal Code § 31.03 .......................................................................................... 2

**OTHER AUTHORITIES**

Fed. R. Evid. 401 ............................................................................................ *passim*

Fed. R. Evid. 402 ...................................................................................... 1, 5, 6, 9

Fed. R. Evid. 403 ............................................................................................ *passim*

Defendants Amazon.com, Inc., Amazon Digital Services, LLC, Prime Now, LLC, and Whole Foods Market Services, Inc. (collectively, "Amazon") respectfully seek an order precluding plaintiffs Freshub, Inc. and Freshub LLC ("Freshub"), their counsel, and witnesses from mentioning, referring to, or offering any evidence or argument relating to any of the following matters within the hearing of any member of the jury during *voir dire* or at any time during trial.

**I.    AMAZON'S TOTAL PROFITS**

Freshub refuses to agree not to offer at trial any evidence, testimony, or argument concerning Amazon's total profits and overall financial success, which undisputedly reflect the success of Amazon's multitude of businesses and a vast swath of technologies that have nothing to do with this case.[1] The allegations in this case concern voice shopping via Amazon's Alexa. Amazon's other non-accused products and services—like Amazon Web Services' cloud computing technology, Amazon's e-commerce website, and Amazon's music and video streaming services—have nothing to do with either the asserted patents or the accused voice shopping technology. Because Amazon's total, company-wide profits do not reflect the value of the claimed inventions or the accused technology, they are irrelevant. Fed. R. Evid. 401, 402; *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1226 (Fed. Cir. 2014) (damages "must reflect the value attributable to the infringing features of the [accused] product, and no more").

Not only are Amazon's total profits and its overall financial success irrelevant, but if presented they would "skew the damages horizon for the jury, regardless of the contribution of the patented component" to Amazon's overall financial condition, and no instruction could undo this prejudice. *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1320 (Fed. Cir. 2011). The information may cause the jury to calibrate any damage award against Amazon's overall size,

---

[1] During the parties' conference of counsel, Freshub indicated that it would not reference Amazon's total *revenue*, but insisted that it should be able to reference Amazon's total *profits*. Amazon's total profits are no more relevant to this case than its total revenues.

profits, and financial position, rather than tailoring the award to the specific contribution of the claimed inventions. For this reason, courts routinely preclude plaintiffs from discussing high-level financial information divorced from the accused technology. *See*, *e.g.*, *SimpleAir, Inc. v. AWS Convergence Techs., Inc.*, No. 2:09-CV-289, Dkt. 505, at 1 (E.D. Tex. Apr. 3, 2012) (prohibiting plaintiff "from discussing the total revenue or profits of Defendants' products"); *Implicit, LLC v. Trend Micro, Inc.*, No. 6:16-CV-00080-JRG, Dkt. 253, at 6 (E.D. Tex. Oct. 3, 2017) (precluding reference to defendant's "size, profits, or total value"); *Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 2:16-cv-00052-JRG-RSP, Dkt. 440, at 11 (E.D. Tex. Sept. 29, 2017) (precluding evidence of "past annual revenue, estimated future annual revenue, or overall capital expenditures"); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-CV-213-JRG-RSP, 2015 WL 627430, at *5 (E.D. Tex. Jan. 31, 2015) (granting motion to "exclude evidence of Samsung's size, wealth, total revenues or profits"); *MobileMedia Ideas, LLC v. HTC Corp.*, No. 2:10-cv-112-JRG, 2013 WL 12158524, at *3 (E.D. Tex. Apr. 24, 2013) (excluding reference to defendant's "total revenue or operating profits"); *HTC Corp. v. Tech. Props. Ltd.*, No. 5:08-CV-00882-PSG, 2013 WL 4782598, at *6 (N.D. Cal. Sept. 6, 2013) ("recent Federal Circuit case law does not permit the use of a company's overall size or revenue as a check to confirm the reasonableness of a jury award"). Freshub should be precluded from referencing Amazon's total sales, revenues, profits, stock price, and market capitalization, and it must "structure its damages presentation in such a way that the jury will not be able to calculate" Amazon's total profits. *BMC Software, Inc. v. ServiceNow, Inc.*, No. 2:14-CV-903-JRG, 2016 WL 379620, at *3 (E.D. Tex. Feb. 1, 2016).

## II.  REFERENCE TO STEALING OR TRESPASS BY DEFENDANTS

Theft and trespass are criminal offenses in the State of Texas punishable by Penal Code 31.03 and 30.05, respectively. There is no allegation in this case, let alone evidence, that Amazon committed any act that would constitute these offenses or that it used the asserted patents to

develop its own technology. Similarly, there is no evidence or allegation that Amazon stole Freshub's trade secrets or otherwise attempted to steal its technology; indeed, the asserted patents did not issue until *after* Amazon launched Alexa shopping. Allowing Freshub to tell, or even suggest to, the jury that Amazon's independent development of the accused technology was criminal conduct would be highly prejudicial and unfair. Fed. R. Evid. 403. The Court should preclude Freshub from describing Amazon's alleged infringement as stealing or trespass.

### III. REFERENCE TO NON-INSTITUTED IPRS

The Court should exclude evidence of the non-instituted petitions for *inter partes* review ("IPR") that Amazon filed against the asserted patents. Those petitions involved different invalidity grounds than those to be presented to the jury and their probative value, if any, is greatly outweighed by the unreasonably high risk of juror confusion and unfair prejudice to Amazon. (*See, e.g.*, Dkt. 130 (Opp. to Freshub MSJ of No Invalidity) at 2-6 (discussing different grounds raised in IPR petitions); Fed. R. Evid. 403. Courts regularly exclude evidence of non-instituted IPR petitions. *Andover Healthcare, Inc. v. 3M Co.*, No. CV 13-843-LPS, 2016 WL 6404111, at *2 (D. Del. Oct. 27, 2016) ("The Rule 403 balance strongly favors exclusion, as the minimal (if any) probative value of the PTAB's decision is far outweighed by the risk of jury confusion and unfair prejudice."); *Finjan, Inc. v. Sophos, Inc.*, No. 14-CV-01197-WHO, 2016 WL 4560071, at *14 (N.D. Cal. Aug. 22, 2016) (excluding evidence of all post-grant proceedings); *Rembrandt Wireless Techs.*, 2015 WL 627430, at *5 (excluding denials of IPR petitions); *Ziilabs Inc., Ltd. v. Samsung Elecs. Co.*, No. 2:14-CV-203-JRG-RSP, 2015 WL 13617214, at *3 (E.D. Tex. Oct. 28, 2015) (same); *Interdigital Commc'ns Inc. v. Nokia Corp.*, No. 13-10-RGA, 2014 WL 8104167, at *1 (D. Del. Sept. 19, 2014) ("marginal relevance" of IPR denial outweighed by the "significant risk of confusion"); *Vaporstream, Inc. v. Snap Inc.*, No. 17-cv-220-MLH, 2020 WL 978731, at *8 (C.D. Cal. Feb. 28, 2020) (excluding reference to IPRs based on danger of "jury confusion over

3

the invalidity issues in the case"). Indeed, "it would be difficult for a jury to understand, much less apply, the nuanced differences between the various proceedings and to determine how much weight should be given to PTAB's decision, if any." *Acantha LLC v. DePuy Orthopaedics Inc.*, No. 15-C-1257, 2018 WL 2431852, at *3 (E.D. Wis. May 30, 2018).

Further, the PTAB's decisions not to institute IPR petitions are only conclusions regarding the "reasonable likelihood" of prevailing on the specific grounds set forth in the petitions, not conclusions regarding patent validity overall. *Wis. Alumni Rsch. Found. v. Apple, Inc.*, 135 F. Supp. 3d 865, 873 (W.D. Wis. 2015) (there is no "explicit, or even implicit, decision on the validity of the patent"). Nonetheless, the jury may be confused and infer, incorrectly, that the PTAB confirmed the validity of the patents over *all* prior art. *See id.* at 875 ("great risk" that jury would conclude the PTO has "twice held the [patents-in-suit] nonobvious over prior art"); *Milwaukee Elec. Tool Corp. v. Snap-On Inc.*, No. 14-CV-1296-JPS, 2017 WL 4570787, at *6 (E.D. Wis. Oct. 12, 2017) ("[E]vidence of the IPRs is likely to mislead the jury into believing that because the patents-in-suit have survived many attacks, they must be valid against the present attacks."); *see also Tesco Corp. v. Weatherford Int'l Inc.*, 750 F. Supp. 2d 780, 794 (S.D. Tex. 2010) (excluding PTO reexamination determinations because "even if instructed that the standards were different and thus that the examiners' conclusions are not dispositive in this case, there is a serious risk that a jury would view the examiners as expert and authoritative").

Finally, IPR proceedings are statutorily limited to prior art patents or printed publications, rather than systems. 35 U.S.C. § 311(b). Amazon intends to present to the jury evidence of invalidating prior art *systems*. Allowing Freshub to refer to non-instituted IPRs would allow it to suggest to the jury that the system prior art the jury will consider was found to be inadequate by the Patent Office, which would result in substantial prejudice to Amazon. The non-instituted petitions have no relevance to the case the jury is to decide and any evidence and argument about

4

them will be prejudicial and unfair to Amazon. Fed. R. Evid. 401, 402, 403.

## IV.     REFERENCE TO ALEXA PRIVACY ISSUES, OR ANY SUGGESTION THAT AMAZON IS RECORDING OR SPYING ON ITS CUSTOMERS

Freshub should be precluded from offering any evidence, testimony or argument related to purported Alexa privacy issues or suggesting that Amazon is recording and spying on its customers. Privacy concerns are completely unrelated to the patents-in-suit, which are directed to voice shopping, and Freshub's infringement allegations against Amazon's devices and apps do not relate in any way to user privacy either. Any suggestion that the recording of user utterances and transmission of the utterances to the cloud would create privacy issues or amount to "big brother" surveillance, or that the utterances are being improperly stored, is unrelated to the issues in this case, unsupported by any evidence in the case, and highly prejudicial to Amazon. Indeed, the only purpose of such a suggestion would be to cause the jury to have a negative opinion of Amazon. If presented to the jury, this kind of irrelevant information would create a significant risk of undue and irreparable prejudice by casting a negative light on Amazon and inviting a hostile response from the jury. *See, e.g.*, *DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06-CV-72 DF, 2010 WL 11538713, at *14 (E.D. Tex. Feb. 26, 2010) (granting motion *in limine* precluding reference to the U.S. government's Troubled Asset Relief Program because it "would likely invite an emotion response from the jury, such as general hostility toward the bank defendants"); *MobileMedia Ideas*, 2013 WL 12158524, at *2 (granting motion *in limine* precluding parties from any attempt to "negatively characterize any of the named parties or witnesses"); *Adv. Tech. Incubator, Inc. v. Sharp Corp.*, No. 5:09-CV-135, 2010 WL 11451797, at *10 (E.D. Tex. Mar. 31, 2010) (granting motion *in limine* excluding statements that certain companies "*generally* engaged in illegal or inappropriate business conduct" which was "irrelevant to issues of patent infringement, invalidity, or damages") (emphasis in original). The Court should exclude all

evidence and arguments related to alleged privacy concerns, spying, or improper use of any recordings as irrelevant. Fed. R. Evid. 401, 402.

## V. DR. COLE'S IRRELEVANT OPINION REGARDING ALEXA'S RECORDING OF USER UTTERANCES

The Court should exclude all evidence, argument, and testimony related to Dr. Cole's irrelevant and prejudicial opinion regarding Alexa's recording of user utterances as set forth in his report. (*See* Dkt. 119-2, ¶¶ 29-33.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Not only are these assertions incorrect, but they are completely irrelevant to Freshub's infringement allegations in this case, which target voice shopping features of Amazon's devices and apps. Nor do the asserted patents claim anything related to cybersecurity or privacy. Thus, whether the Alexa-enabled devices operate as Dr. Cole contends would not aid the jury in determining any facts that are material to the issues in this case; his opinions on this basis must be excluded for lack of relevance alone. Fed. R. Evid. 401, 402; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993) (expert evidence or testimony must "fit" the case and "assist the trier of fact to understand the evidence or to determine a fact in issue") (citation omitted).

Permitting the introduction of this irrelevant, inflammatory information would serve only one purpose: causing the jury to think negatively about or distrust Amazon. *See DataTreasury Corp.*, 2010 WL 11538713, at *14. Moreover, arguments about the irrelevant topics of privacy and cybersecurity would distract from actual issues the jury will consider. The Court should exclude evidence, argument, and testimony related to Dr. Cole's privacy and cybersecurity

assertions, as their non-existent probative value is substantially outweighed by the dangers of unfair prejudice, jury confusion, and waste of time. Fed. R. Evid. 403.

## VI. REFERENCE TO WHOLE FOODS, INCLUDING ANY PRE-SUIT MEETINGS BETWEEN PLAINTIFFS/IKAN AND WHOLE FOODS

As set forth in Defendants' motion for summary judgment of no direct infringement, Freshub does not accuse any product, service of technology of defendant Whole Foods Market of infringement in this case; its infringement allegations are directed solely to Amazon devices and apps.[2] (Dkt. 103 at 15.) Thus, evidence regarding Whole Foods is irrelevant to the infringement issue in this case and must be excluded. Fed. R. Evid. 401; *see Hillman Group, Inc. v. KeyMe, LLC*, Nos. 2:19-CV-00209-JRG, 2:20-CV-00070-JRG, 2021 WL 1248180, at *7 (E.D. Tex. Mar. 30, 2021) (excluding evidence related to unaccused products, which are "irrelevant to any issue for the jury to decide"); *Seven Networks, LLC v. Google LLC*, No. 2:17-CV-00442-JRG, Dkt. 606, at 8 (E.D. Tex. Jan. 18, 2019) (excluding evidence or argument regarding unaccused products).

Further, Freshub intends to present to the jury testimony, evidence, and argument about pre-suit meetings between Freshub and Whole Foods that took place *before* Freshub acquired the patents, *before* those patents even issued, and *before* Amazon owned Whole Foods. (*See* Dkt. 119 (Cole *Daubert*) at 3-4, 6-7; Dkt. 119-2 ("Cole Report") ¶¶ 34-47 (background discussion of Whole Foods' contact with Freshub), 46-48 (Patent Office did not issue patents until over seven years after Amazon's contact with Ikan in 2010), 51-56 (contact between Whole Foods and Freshub occurred from 2014 to 2017); Dkt. 119-3 (Cole Dep. Tr.) at 97:25-100:20 (confirming there was no public notice of the assignment until ten weeks after the April 3, 2019 meetings); Dkt. 120-1 (May 14, 2019 assignment of asserted patents from Ikan to Freshub).) Those meetings have no

---

[2] Freshub's technical expert Dr. Medvidovic does not identify a single Whole Foods product or technology as accused, let alone map each element of any asserted claim to any Whole Foods technology. (*See, e.g.*, Dkt. 103-3 (Medvidovic Rep.) ¶¶ 20, 23, 26, 29.)

7

relevance to any issue in the case, be it infringement, validity, or damages. *See, e.g.*, *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("To willfully infringe *a patent*, the patent must exist and one must have knowledge of it.") (emphasis in original). Coupled with the fact that Whole Foods is not accused of infringing any single asserted claim, evidence, testimony, or argument about the meetings will be highly prejudicial and unfair to Amazon and confusing to the jury. Fed. R. Evid. 403. The Court should preclude Freshub from introducing evidence of these meetings. *See Enovsys LLC v. AT&T Mobility LLC*, No. CV 11-5210 SS, 2015 WL 12857466, at *7 (C.D. Cal. June 11, 2015) (excluding evidence before issuance of patents under Fed. R. Evid. 403); *Am. Tech. Ceramics Corp. v. Presidio Components, Inc.*, No. 14-CV-6544(KAM)(GRB), 2019 WL 2330855, at *11 (E.D.N.Y. May 31, 2019) (excluding pre-issuance evidence as it is "not probative of willful infringement").

## VII. RELATIVE SIZE OF THE PARTIES

The Court should preclude Freshub from offering at trial any evidence, testimony, or argument that compares the relative size of Amazon to either Freshub or Ikan. This includes, for example, references to a "David v. Goliath" theme or references to Amazon's ability to afford a certain number of attorneys, pay witness fees, arrange trial accommodations, or implications that Amazon can use its size to avoid paying license fees or force a party into litigation. First, the relative size of the parties in this case has no relevance to any party's claims or defenses and therefore could be "of [no] consequence in determining the action." Fed. R. Evid. 401. Second, Freshub did not approach Amazon before filing this lawsuit or even during the pendency of this lawsuit to attempt to resolve its claims or to offer Amazon a license. Any testimony regarding the relative size of Amazon and Ikan or Freshub or implication that the reason the jury is hearing the case is because Amazon is big and Freshub is small would only serve to unfairly prejudice the jury against Amazon. For these reasons, courts regularly exclude such comparisons. Fed. R. Evid.

403; *Intell. Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, 2018 WL 10638138, at *4 (E.D. Tex. Apr. 26, 2018) (precluding reference to parties as a "David and Goliath scenario" based on company size and economic role); *Cooper Tire and Rubber Co. v. Farese*, No. 3:02-CV-210-SA-JAD, 2008 WL 5382416, at *3 (N.D. Miss. Dec. 19, 2008) (excluding evidence of relative size of the parties, including reference to a company as "wealthy, thriving, large" in a "David and Goliath story."); *Rogers v. Medline Indus., Inc.*, No. 1:17-cv-118-HSO-RHW, 2019 WL 402361, at *4 (S.D. Miss. Jan. 31, 2019) (excluding evidence of a "corporation's size or wealth" including ability to pay for certain counsel, and precluding reference to a "David and Goliath situation").

## VIII. REFERENCE TO PRESUMPTION OF PATENT VALIDITY

"[W]hile juries should be instructed on the higher burden of proof required to prove invalidity, they should not be instructed that there is a presumption of validity, which would be redundant and likely confusing." (Ex. A (Fed. Jud. Ctr., Pat. Case Mgmt. Guide (3d ed. 2016)) at § 7.3.4.3.) This Court's standard jury instructions do not refer to the presumption of validity. *See, e.g.*, *MV3 Partners LLC v. Roku, Inc.*, No. W-18-cv-308, Dkt. 393, Trial Transcript, at 246:4-280:5 (W.D. Tex. Oct. 13, 2020). Nor does the Federal Judicial Center's Patent Process video that the jury will be shown at trial.[3] Yet, Freshub refuses to agree not to refer to the presumption of validity in its trial presentation. If Freshub is allowed to do so, it may confuse the jury and cause them to believe that the presumption of validity is an *additional* requirement to the clear and convincing standard, which it is not. *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2017 WL 959592, at *6 (E.D. Tex. Mar. 13, 2017) (Bryson, J.) (reference to presumption of validity "might be confusing to the jury, to the extent that the jury is required to consider both that phrase and the Court's instructions on the burden of proof"); *Axcess Int'l, Inc. v. Savi Techs., Inc.*, No. 3:10-CV-1033-F, Dkt. 270, at 4 (N.D. Tex. Jan. 25, 2013) (reference to

---

[3] Fed. Jud. Ctr. Video, available at https://www.fjc.gov/content/328155/fjc-50th-videos.

9

presumption would "confuse the jury into believing that [defendant] must clear two separate hurdles rather than one"). This is why courts routinely preclude parties from referring to the presumption of validity at trial and instead instruct the jurors on the parties' respective burdens of proof. *Chiron Corp. v. Genentech, Inc.*, 363 F.3d 1247, 1258-59 (Fed. Cir. 2004) (affirming district court decision not to instruct jury on the presumption of validity because jury had applied the clear and convincing evidence standard); *UroPep*, 2017 WL 959592 at *6 (excluding reference to "presumption of validity," which "would add little to the jury's understanding of the burden of proof on the validity issues"); *Alloc, Inc. v. Pergo, Inc.*, No. 02-C-0736, 2007 WL 5289735, at *1 (E.D. Wis. Nov. 21, 2007) ("In the interest of making concepts as clear to the jury as possible, the court will direct that the parties refrain from referring to the 'presumption of validity,' since the parties may refer to the same concept as the Alloc Parties' burden of proof."); *Voda v. Cordis Corp.*, No. CIV-03-1512-L, 2006 WL 5347777, at *2-3 (W.D. Okla. May 10, 2006) (precluding reference to a presumption, instead instructing jury regarding burden of proof); *EVM Sys., LLC v. Rex Med., L.P.*, No. 6:13-CV-184, Dkt 183, at 2-3 (E.D. Tex. June 10, 2015) (same).

The logic of these cases applies with equal force here. The Court will instruct the jury on the relevant standard of proof for Amazon's invalidity defense. In its standard jury instructions, the Court does not refer to any presumption of validity. Allowing Freshub to give its own interpretation of the standard will risk jury confusion. The resulting confusion may cause the jury to hold Amazon to an even more exacting standard because it is highly likely that jurors will not understand that the clear and convincing evidence standard already *includes* the presumption of validity and that the presumption is not an additional requirement that Amazon must overcome. Fed. R. Evid. 403. Any reference to presumption of validity in front of the jury will be highly prejudicial to Amazon and no instruction can cure this prejudice. The Court should preclude Freshub from referencing the presumption of patent validity in front of the jury.

| | |
|---|---|
| Dated: April 30, 2021 | Respectfully submitted,<br><br>*/s/ Ravi R. Ranganath*<br><br>J. David Hadden, (CSB No. 176148)<br>Email: dhadden@fenwick.com<br>Saina S. Shamilov, (CSB No. 215636)<br>Email: sshamilov@fenwick.com<br>Todd R. Gregorian (CSB No. 236096)<br>Email: tgregorian@fenwick.com<br>Ravi R. Ranganath (CSB No. 272981)<br>Email: rranganath@fenwick.com<br>Allen Wang (CSB No. 278953)<br>Email: allen.wang@fenwick.com<br>Eric B. Young (CSB No. 318754)<br>Email: eyoung@fenwick.com<br>**FENWICK & WEST LLP**<br>Silicon Valley Center<br>801 California Street<br>Mountain View, CA  94041<br>Telephone:  650.988.8500<br>Facsimile:  650.938.5200 |
| *Of Counsel:*<br><br>Barry K. Shelton (TX Bar #24055029)<br>bshelton@sheltoncoburn.com<br>Bradley Dalton Coburn<br>coburn@sheltoncoburn.com<br>SHELTON COBURN LLP<br>311 RR 620 S, Suite 205<br>Austin, TX 78734<br>Tel: (512) 263-2165<br>Fax: (512) 263-2166 | |
| Deron R. Dacus (TX Bar No. 00790553)<br>ddacus@dacusfirm.com<br>THE DACUS FIRM, P.C.<br>821 ESE Loop 323, Suite 430<br>Tyler, TX 75701<br>Tel: (903) 705-1117<br>Fax: (903) 581-2543 | *Counsel for Defendants*<br>AMAZON.COM, INC., AMAZON.COM<br>SERVICES LLC, PRIME NOW, LLC, and<br>WHOLE FOODS MARKET SERVICES, INC. |

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Amazon conferred with counsel for Freshub regarding this motion on April 30, 2021 and that Freshub indicated that it opposed the motion.

                                      */s/ Ravi R. Ranganath*
                                         Ravi R. Ranganath

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 30, 2021, a copy of the foregoing document was served via email on all counsel of record who are deemed to have consented to such service.

                                      */s/ Ravi R. Ranganath*
                                         Ravi R. Ranganath