# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| FRESHUB, INC., a Delaware Corporation, and FRESHUB, LTD., an Israeli Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>AMAZON.COM INC., a Delaware Corporation, AMAZON.COM SERVICES, LLC, a Delaware Limited Liability Company, PRIME NOW, LLC, a Delaware Limited Liability Company WHOLE FOODS MARKET SERVICES, INC., a Texas Corporation,<br><br>Defendants. | Case No.: 1:19-CV-00885-ADA<br><br>**PUBLIC VERSION** |

## **PLAINTIFFS FRESHUB, INC. AND FRESHUB, LTD.'S MOTIONS *IN LIMINE* NO. 1**

Paul J. Andre
Lisa Kobialka
James Hannah
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com

John Palmer
Texas Bar No. 15430600
NAMAN HOWELL SMITH & LEE PLLC
400 Austin Ave., Suite 800, P.O. Box 1470
Waco, TX 76703
Telephone: (254) 755-4100
Facsimile: (254) 754-6331
palmer@namanhowell.com

*Attorneys for Plaintiffs,*
FRESHUB, INC. and FRESHUB, LTD.

Dated: April 30, 2021

## **TABLE OF CONTENTS**

**Page**

I. Non-Infringing Alternatives and Design-Arounds ................................................................. 1

II. Discussion of Defendants' Patents ........................................................................................ 3

III. Freshub's Experts' Prior Retentions with Counsel and Prior Court Rulings or Verdicts Involving Freshub's Experts' Opinions in Other Litigations ................................................. 4

IV. Defendants' "Keyword Sales" Category of GMS Data, or Any Description or Summary Thereof ..................................................................................................................... 5

V. Conclusion .............................................................................................................................. 8

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Accentra, Inc. v. Staples, Inc.*,
  No. CV-07- 5862 ABC, 2010 WL 8450890 (C.D. Cal. Sept. 22, 2010) ...................................1

*Apple, Inc. v. Samsung Elecs. Co.*,
  No. 11-cv-01846-LHK, 2012 WL 3155574 (N.D. Cal. Aug. 2, 2012)......................................1

*Bio-Tech. Gen. Corp. v. Genentech, Inc.*,
  80 F.3d 1553 (Fed. Cir. 1996)..................................................................................................3

*Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc.*,
  141 F. Supp. 2d 320 (E.D.N.Y. 2001) .....................................................................................5

*Conceptus, Inc. v. Hologic, Inc.*,
  No. C 09-02280 WHA, Dkt. No. 433 (N.D. Cal. Sept. 27, 2011) ............................................4

*Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*,
  No. 2:15-cv-00037-RWS-RSP, 2017 WL 2651618 (E.D. Tex. Jun. 20, 2017).........................1

*EVM Sys., LLC v. Rex Med., L.P.*,
  No. 6:13-cv-184, 2015 WL 11089476 (E.D. Tex. June 10, 2015) ...........................................5

*Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*,
  87 F. Supp. 3d 928 (N.D. Cal. 2015) .......................................................................................1

*Intellectual Ventures I LLC v. Symantec Corp.*,
  C.A. No. 10-1067-LPS, Dkt. No. 615 (D. Del. Jan. 6, 2015) ..................................................4

*MV3 Partners LLC v. Roku, Inc.*,
  No. 6:18-cv-00308-ADA, Dkt. No. 332 (W.D. Tex. Sept. 29, 2020).......................................5

*SynQor, Inc. v. Artesyn Techs., Inc.*,
  709 F.3d 1365 (Fed. Cir. 2013)................................................................................................7

*VLSI Tech. LLC v. Intel Corp.*,
  6:21-cv-00057-ADA, Dkt. No. 508 (W.D. Tex. Feb. 19, 2021)...............................................4

**Rules**

Federal Rules of Civil Procedure 26(e)(1).......................................................................................7

Federal Rules of Civil Procedure 37(c)(1).......................................................................................7

Federal Rules of Evidence 401 ............................................................................................3, 6

Federal Rules of Evidence 402 .........................................................................................3, 4, 6

Federal Rules of Evidence 403 ...................................................................................... *passim*

Federal Rules of Evidence 602 ............................................................................................3, 6

Federal Rules of Evidence 701 ...............................................................................................3

Federal Rules of Evidence 702 ............................................................................................3, 6

Plaintiffs Freshub, Inc. and Freshub, Ltd. (collectively, "Freshub") respectfully move the Court *in limine* for an order excluding any reference, evidence, testimony (both lay and expert), or arguments concerning (I) non-infringing alternatives and design-arounds; (II) Defendants' patents; (III) Freshub experts' prior or concurrent retentions with counsel and prior court rulings involving Freshub experts in other cases; and (IV) Defendants' "keyword sales" category of GMS data, or any description or summary thereof.

## I.   Non-Infringing Alternatives and Design-Arounds

Defendants should be precluded from presenting any evidence or argument regarding the alleged availability of non-infringing alternatives or design-arounds that Defendants first introduced with their expert report as they affirmatively elected not to provide any such information during discovery. *See, e.g., Accentra, Inc. v. Staples, Inc.*, No. CV-07- 5862 ABC (RZx), 2010 WL 8450890, at *6-7 (C.D. Cal. Sept. 22, 2010); *see also Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-cv-00037-RWS-RSP, 2017 WL 2651618, at *10-12 (E.D. Tex. Jun. 20, 2017) (precluding testimony of non-infringing alternatives for not being properly disclosed in interrogatory responses); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 87 F. Supp. 3d 928, 948-49 (N.D. Cal. 2015) (holding expert is precluded from relying on conversations with witnesses when information was not disclosed until after depositions took place); *Apple, Inc. v. Samsung Elecs. Co.,* No. 11-cv-01846-LHK, 2012 WL 3155574, at *5 (N.D. Cal. Aug. 2, 2012) (striking portions of expert reports containing information when late disclosure prohibited Apple from conducting additional fact discovery regarding new and previously undisclosed theories).

Freshub served an interrogatory seeking a detailed description of any non-infringing alternatives, and requested a 30(b)6 witness to testify about the "costs and expenses to design around the Asserted Patents." Declaration of Christina Finn ("Finn Decl.") filed herewith, Ex. 1

at 32-33 (Defendants' 1/7/21 Response to Interrogatory No. 12); *id.*, Ex. 2 at 57-59 (12/1/20 Defendants 30(b)(6) Response No. 14). Defendants' interrogatory response identified, without any explanation, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Defendants' response to Freshub's 30(b)(6) Notice was: "Defendants will not provide a witness on this topic as Defendants do not infringe the asserted patents and thus have no need to design around them." *Id.*, Ex. 2 at 59 (12/1/20 Defendants 30(b)(6) Response No. 14). Thus, Defendants affirmatively elected not to provide any factual support or explanation regarding any purported non-infringing alternative or design around.

Despite Defendants' position during discovery, Defendants' rebuttal experts, Dr. Michael Johnson and Mr. Christopher Bakewell, provided, for the first time, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Nikko Strom and John Love were never identified as having knowledge of non-infringing alternatives or design-arounds and were not designated to provide testimony responsive to Freshub's 30(b)(6) topic regarding the same. *Id.*, Ex. 5, 1/8/21 Amazon's 2nd Amended Initial Disclosures at 9-10 (identifying Nikko Strom and John Love for the first time). Defendants' experts cannot now sandbag Freshub with evidence that Defendants declined to

2

provide Freshub in response to Freshub's specific discovery requests. By withholding information regarding alleged alternatives until rebuttal expert reports, Defendants deprived Freshub the opportunity to examine the factual bases and theories underlying these positions, which is extremely prejudicial to Freshub. Therefore, the Court should exclude any evidence and argument at trial regarding design-arounds or non-infringing alternatives.

## II. Discussion of Defendants' Patents

Pursuant to Federal Rules of Evidence 401, 402, 403, 602, 701, and 702, Freshub seeks to exclude from trial any argument or evidence regarding Defendants' patents, which are simply not relevant to any issue in the case. For example, Defendants seek to introduce confusing, misleading and prejudicial evidence regarding Defendants' patents at least through their damages expert, Mr. Bakewell, and deposition testimony of the attorney that prosecuted Freshub's Asserted Patents, who had also done some prosecution for Amazon. Mr. Bakewell's expert report includes an assertion that ███████████████████████████████████████████████████████████████████████████████████████████████████████████████ ███ Further, Defendants have designated testimony and exhibits from the deposition of Mr. Weiss, the prosecuting attorney for the Asserted Patents, regarding Mr. Weiss's firm's prosecution of "key Alexa patents for Amazon." *See* Dkt. No. 101 at 3.

Defendants' patents are not relevant to any of the issues before the jury—*i.e.*, Defendants' infringement of Freshub's patents, the validity of Freshub's patents, and what damages will be assessed for infringement of Freshub's patents. *See* Fed. R. Evid. 401-403; *see also Bio-Tech. Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1559 (Fed. Cir. 1996) ("[T]he existence of one's own patent does not constitute a defense to infringement of someone else's patent. It is elementary that a patent grants only the right *to exclude others* and confers no right

3

on its holder to make, use, or sell.") (citation omitted) (emphasis in original).  Introduction of argument and evidence regarding Defendants' patents will only confuse the jury regarding the patents at issue in the case, as well as suggest that Defendants cannot infringe because Defendants have thousands of patents, including patents on the Accused Products.  To ensure no such juror confusion, the Court should exclude evidence and argument at trial regarding Defendants' patents.  *See, e.g.,* Finn Decl., Ex. 6, *Conceptus, Inc. v. Hologic, Inc.*, No. C 09-02280 WHA, Dkt. No. 433, Order Regarding Motions *In Limine* at 5 (N.D. Cal. Sept. 27, 2011) (granting plaintiff's motion *in limine* to exclude evidence, testimony, and argument concerning [defendant's] patents because defendant had not provided a "specific showing of relevance and probativeness"); *see also id.*, Ex. 7, *Intellectual Ventures I LLC v. Symantec Corp.*, C.A. No. 10-1067-LPS, Dkt. No. 615, Memorandum Order at 2 (D. Del. Jan. 6, 2015) (excluding evidence or argument of defendant's patents based on similar reasoning).

Therefore, Defendants have no legally appropriate basis for introducing Defendants' patents now, and introduction and discussion of these irrelevant patents would only serve to improperly confuse and mislead the jury.  Defendants should be precluded from relying on them during trial for any reason.

**III.     Freshub's Experts' Prior Retentions with Counsel and Prior Court Rulings or Verdicts Involving Freshub's Experts' Opinions in Other Litigations**

Evidence is admissible only if it is relevant.  Fed. R. Evid. 402.  Even if relevant, evidence should be excluded if its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury.  Fed. R. Evid. 403.  Reference to an expert's prior retention or concurrent retention by counsel or excluded testimony in a completely separate litigation is both irrelevant and inadmissible under these standards.  *See* Finn Decl., Ex. 8, *VLSI Tech. LLC v. Intel Corp.*, 6:21-cv-00057-ADA, Dkt. No. 508, Order at 4, 6

(W.D. Tex. Feb. 19, 2021) (granting MIL excluding testimony of expert's relationship with counsel and previously excluded testimony); *see also id.*, Ex. 9, *MV3 Partners LLC v. Roku, Inc.*, No. 6:18-cv-00308-ADA, Dkt. No. 332, Order at 3 (W.D. Tex. Sept. 29, 2020) (granting MIL excluding testimony of prior judicial opinions pertaining to expert witnesses).

Defendants should not be permitted to introduce any evidence of any prior or current relationship between any expert witnesses and Kramer Levin Naftalis & Frankel LLP. These retentions involve different cases, facts, parties, and issues, and are therefore clearly irrelevant and would lead to confusion to the jury as to what parties are relevant. *See* Fed. R. Evid. 403.

In addition, Defendants should be precluded from introducing evidence or argument regarding prior judicial opinions pertaining to Freshub's expert witnesses. *See* Finn Decl. Ex. 9, *MV3 Partners*, *supra*, at 3 (precluding Roku from raising "Prior Judicial Opinions Pertaining to MV3's Expert Witnesses"); *see also EVM Sys., LLC v. Rex Med., L.P.*, No. 6:13-cv-184, 2015 WL 11089476, at *2 (E.D. Tex. June 10, 2015) (granting motion *in limine* to preclude reference to "[p]rior judicial opinions pertaining to [expert witness's] expert testimony or opinions"); *Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc.*, 141 F. Supp. 2d 320, 324 (E.D.N.Y. 2001) (precluding defendants under Fed. R. Evid. 403 from offering a prior judicial opinion criticizing the credibility of the plaintiff's expert because "[u]nlike the scientific community's process of peer review, there is no practical way for a[n expert] to defend against a judge's assessments of credibility").

## IV. Defendants' "Keyword Sales" Category of GMS Data, or Any Description or Summary Thereof

Defendants should be precluded from referring to, eliciting testimony, or presenting any evidence regarding the "keyword sales" category of General Merchandise Sales data ("GMS data"), or any description or summary of "keyword sales" at trial. Defendants refused to produce

5

that category of data, claiming it was irrelevant to the case, and any use or description of such information is unduly prejudicial to Freshub and will also confuse and mislead the jury, given the way Defendants seek to use such data at trial.  Fed. R. Evid. 401-403, 602, 702.

During discovery, Defendants identified and produced four of the five specific types of GMS data that it tracks in response to Freshub's damages-related discovery requests. Defendants refused to produce the category of GMS data referred to as "keyword sales." According to Defendants' witnesses, ███████████████████████████████████ ███████████████████████████████████ ███████████████████████████████████ Defendants' corporate designee confirmed that this category of data was not included in the GMS data produced to Freshub because ███████████████████████████████████ ███████████████████████████████████ ███████████████████████████████████ ███████████████████████████████████ ███████████████████████████████████ When Freshub followed up with Defendants' counsel regarding such data, ███████████████████████████████████ ███████████████████████████████████ ███████████████████████████████████ Relying upon that representation, Freshub never moved to compel keyword sales and did not use such information in preparing its case.  Thus, Freshub's damages expert, Mr. Reading, did not include such data in his damages calculations.

Freshub was surprised when Defendants' damages expert, Mr. Bakewell, criticized Mr. Reading for allegedly relying on and including keyword sales data in his damages calculations.

6

By way of one example, Mr. Bakewell opines that Mr. Reading ████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ It would be highly prejudicial to Freshub if Defendants are permitted to criticize Freshub by suggesting its damages include data that Defendants refused to produce and claimed was irrelevant during discovery.  Fed. R. Evid. 403; *see also* Fed. R. Civ. P. 37(c)(1) (mandating that a party's failure to produce documents in compliance with the obligations under Federal Rule of Civil Procedure 26(e)(1) results in that party being precluded from "use [of] that information ... to supply evidence on a motion, at a hearing or at trial, unless the failure was substantially justified or is harmless"); *see also SynQor, Inc. v. Artesyn Techs., Inc.*, 709 F.3d 1365, 1382 (Fed. Cir. 2013) (finding no error is excluding evidence pursuant to Federal Rule of Civil Procedure 37 that was not produced during discovery).

While Defendants have agreed ████████████████████████████████ ████████████████████████████ they nonetheless seek to have Mr. Bakewell ████████ ████████████████████████████████ Defendants' "agreement" is thus meaningless, as it is Mr. Bakewell's opinions, descriptions and analysis that improperly suggest that Mr. Reading's reliance on GMS data is improper due to characterizations that **apply to the keyword sales category** of GMS data.  In other words, Defendants refused to produce keyword sales data on the basis that it is untethered to the infringing activities (and Defendants acknowledge that Mr. Reading did not rely on this data), yet Defendants nevertheless seek to elicit testimony from Mr.

7

Bakewell that will confuse the jury into believing that this "irrelevant" data was included in Mr. Reading's damages calculations.

Defendants and Mr. Bakewell should thus be precluded from referring to the keyword sales category of GMS attributable sales, whether specifically by name or by description, to suggest that Mr. Reading's damages conclusion includes such data because it would confuse the jury and is a misleading representation with respect to Mr. Reading's analysis.

## V.   Conclusion

For the foregoing reasons, Freshub respectfully requests the Court to grant Freshub's Motion.

Respectfully submitted

Dated:  April 30, 2021

By:  */s/ Lisa Kobialka*
Paul J. Andre (*pro hac vice*)
Lisa Kobialka (*pro hac vice*)
James Hannah (*pro hac vice*)
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com

John Palmer
Texas Bar No. 15430600
NAMAN HOWELL SMITH
& LEE PLLC
400 Austin Ave., Suite 800,
P.O. Box 1470
Waco, TX 76701
Telephone: (254) 755-4100
Facsimile: (254) 754-6331
palmer@namanhowell.com

*Attorneys for Plaintiffs*
FRESHUB, INC. and FRESHUB, LTD.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on May 06, 2021, the foregoing document was filed electronically with the Clerk of Court using the Court's CM/ECF system, which will send a Notice of Electronic filing on all counsel of record for all other parties who have appeared in this action on the date of such service.

*/s/ Lisa Kobialka*
Lisa Kobialka