# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| FRESHUB, INC., a Delaware Corporation, and FRESHUB, LTD., an Israeli Limited Liability Company,<br><br>   Plaintiffs,<br><br>vs.<br><br>AMAZON.COM INC., a Delaware Corporation, AMAZON.COM SERVICES, LLC, a Delaware Limited Liability Company, PRIME NOW, LLC, a Delaware Limited Liability Company WHOLE FOODS MARKET SERVICES, INC., a Texas Corporation,<br><br>   Defendants. | Case No.: 1:19-CV-00885-ADA |

## PLAINTIFFS FRESHUB, INC. AND FRESHUB, LTD.'S MOTION FOR INTRA-DISTRICT RETRANSFER OF VENUE TO THE WACO DIVISION

Paul J. Andre
Lisa Kobialka
James Hannah
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com

John Palmer
Texas Bar No. 15430600
NAMAN HOWELL SMITH & LEE PLLC
400 Austin Ave., Suite 800, P.O. Box 1470
Waco, TX 76703
Telephone: (254) 755-4100
Facsimile: (254) 754-6331
palmer@namanhowell.com

*Attorneys for Plaintiffs,*
FRESHUB, INC. and FRESHUB, LTD.

Dated: May 7, 2021

## I. INTRODUCTION

To avoid delaying trial and attendant prejudice to Plaintiff Freshub, Inc. and Freshub Ltd. ("Freshub"), Freshub requests that the Court retransfer venue from the Austin Division to the Waco Division, where Freshub originally filed this action. Retransfer is proper because the Austin courthouse is unavailable for trial—scheduled to begin in 5 weeks—due to the closures and backlog caused by the COVID-19 pandemic, which was un-anticipatable at the time of the original transfer to Austin. Indeed, this Court granted a strikingly similar motion in *VLSI Tech. LLC v. Intel Corp.*, No. 1:19-cv-00977-ADA, 2020 WL 8254867 (W.D. Tex. Dec. 31, 2020), where the Court held that the Austin courthouse's closure was an unanticipated COVID-19 event that warranted retransfer to the Waco Division, where the case was originally filed. The same should follow here.

## II. BACKGROUND

On June 24, 2019, Freshub filed its Complaint for Patent Infringement against Amazon.com, Inc., Amazon Digital Services, LLC, AmazonFresh, LLC, Prime Now, LLC and Whole Foods Market, Inc.'s[1] in the Waco Division of the Western District of Texas. Dkt. No. 1 at 1. The defendants to the initial Complaint filed a Motion for Intra-district Transfer to the Austin Division arguing that it was a more convenient forum. Dkt. No. 20 at 3. Freshub opposed this motion. Dkt. No. 24. On September 9, 2019, this Court granted the intra-district transfer from the Waco courthouse to the Austin courthouse—less than 100 miles away. Dkt. No. 29. In granting the transfer, the case remained assigned to the docket of the Honorable Alan D. Albright and the Court noted "[w]ere there a compelling reason supporting maintaining venue

---

[1] Freshub filed its Amended Complaint on September 18, 2019, against Amazon.com, Inc., Amazon Services, LLC (formerly known as Amazon Digital Services, LLC), Prime Now, LLC and Whole Foods Market Services, Inc. (collectively, "Defendants").

1

in the Waco Division, then the Court would weigh the issue of the distance between the two courthouses more carefully." Dkt. No. 29 at 3.  Since that time, the Court has entered a Scheduling Order and three Modifying Orders setting a trial date for June 14, 2021.  *See* Dkt. Nos. 40, 60, 86, 89.  The parties have completed fact and expert discovery, held the *Markman* and discovery hearings, and are in the final pretrial process.

Six months after this action was transferred to Austin, the COVID-19 pandemic began in the United States.  *VLSI Tech. LLC v. Intel Corp.,* No. 1:19-cv-00977-ADA, 2020 WL 8254867, at *1 (W.D. Tex. Dec. 31, 2020) (citing Press Release, The White House, Message to the Congress on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak (Mar. 13, 2020), https://www.whitehouse.gov/briefingsstatements/message-congress-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/).  This forced courthouses across the country and the Western District of Texas to shut down and place a hold on their dockets.  *See* Declaration of Lisa Kobialka ("Kobialka Decl.") filed herewith, Ex. 1.  This placed an unprecedented strain on the Court's docket, as courthouses had to delay numerous criminal and civil trials for unknown periods of time.  *Id.*, Ex. 2.

On May 3, 2021, counsel for Freshub asked counsel for Defendants for their agreement to hold the upcoming trial in Waco.  Counsel for Defendants responded that they needed to confer with their clients.  On May 5, Freshub asked Defendants to be prepared to discuss transfer during the parties' meet and confer that afternoon.  *Id.*, Ex. 3 at 3.  That day, counsel for Defendants said they had no position to convey at that time and did not expect to have a position from their clients until the week of May 10th.  *Id.* at 1.  Later that day, counsel for Defendants informed the Court that "there is no agreement—as of this time—to transfer this case to Waco.  Freshub has

proposed transfer and Defendants are still considering the proposal." *Id.*, Ex. 4 at 2.  In response, the Court's clerk advised the parties that it is "very unlikely that this case can be tried in the Austin courthouse in June."  *Id.*.  Further, the Court noted that "[i]f the parties intend to try this in June, the Court invites the parties to file a motion to transfer this case to Waco."  *Id.*.

Defendants have not yet indicated whether they agree to transfer to Waco.  Freshub has attempted in good faith to meet and confer with Defendants as shown above, but Freshub cannot withstand further delays in Defendants' response.  Given the rapidly-approaching trial date and pursuant to the Court's invitation, Freshub brings this motion to retransfer the case back to Waco.

## III.   ARGUMENT

The Court has discretion to retransfer this action back to Waco.  As the Fifth Circuit explained in *In re Cragar Indus., Inc.*:

> When [] unanticipatable post-transfer events frustrate the original purpose for transfer, a return of the case to the original transferor court does not foul the rule of the case nor place the transferee court in a position of reviewing the decision of its sister court.  It, instead, represents a considered decision that the case then is better tried in the original forum for reasons which became known after the original transfer order.

706 F.2d 503, 505-06 (5th Cir. 1983) (original emphasis omitted).  Thus, retransfer is warranted where: "1) there must be an unanticipatable post-transfer event that 2) frustrates the original purpose for transfer and 3) retransfer should be granted under the most impelling and unusual circumstances."  *VLSI Tech.*, 2020 WL 8254867, at *3, citing *In re Cragar*, 706 F.2d at 505-06.  "Such unanticipated post-transfer events, in conjunction with the traditional factors bearing on a § 1404(a) analysis, are the appropriate statutory authority for moving an action from one court to another intra-district court."  *Id.*.

The unavailability of the Austin courthouse for the trial scheduled in this case due to COVID-19 related delays and closures is an unanticipated post-transfer event that frustrates the original purpose of transfer.  A reevaluation of the § 1404(a) factors in light of the pandemic favors retransfer.  Instructive here is this Court's decision in *VLSI Tech*, where the Court held that the closure of the Austin courthouse was an unanticipated COVID-19 event that warranted retransfer of the case to the Waco Division, where the case was originally filed.  2020 WL 8254867, at *6.  As set forth below, the same should follow here.

      A.      **The Effects of the COVID-19 Shutdowns are Un-Anticipatable Post-Transfer Events**

There can be no question that the unavailability of the Austin courthouse for trial due to COVID-19-related closures and congestion is an un-anticipatable post-transfer event.  When this Court transferred this case to the Austin Division in September 2019, there was no foreseeable indication that the country would be brought to a standstill by the COVID-19 pandemic.  Dkt. No. 29.  As the COVID-19 pandemic put a halt to all business and travel, it further strained the already busy docket of the Court with the numerous civil and criminal trials being rescheduled for a time when they could safely be held.  Because courts were closed and delayed without any clear indication as to the duration of time, there were no mitigating acts the parties or Court could do to avoid the current situation.

Here, the parties and Court are moving diligently through the final pretrial phases and are prepared for trial as scheduled in June.  Although the Austin courthouse is unavailable for trial in June, the Waco courthouse is available.  Kobialka Decl., Ex. 4 at 2.  Because the COVID-19 pandemic and its effects on the courts were in no way foreseeable at the time the intra-district transfer to the Austin Division was granted, they are "un-anticipatable post-transfer events."  *See*

4

*VLSI Tech.*, 2020 WL 8254867, at *3 ("the Austin courthouse's closure due to COVID-19 was an unanticipated post-transfer event").

### B. The COVID-19 Pandemic is a Quintessential "Unusual and Impelling Circumstance" Warranting Retransfer

Freshub has already incurred significant costs in litigating this case, and discovery is complete with the June 14th trial date rapidly approaching. Any delay to resolve the Austin Division's scheduling conflicts significantly prejudices Freshub. *See Tinnus Enters., LLC v. Telebrands Corp.,* No. 6:16-cv-00033-RWS, 2017 WL 2989201, at *3 (E.D. Tex. Apr. 5, 2017), *adopted*, No. 6:16-cv-00033-RWS, 2017 WL 2989203 (E.D. Tex. May 30, 2017) (plaintiffs have an interest in the timely and cost effective enforcement of their patent rights). The unanticipated post-transfer events of COVID-19 and the subsequent closures and squeeze on the availability of the Austin courthouse are once in a lifetime circumstances that are not likely to rise again. Thus, as this Court observed in *VLSI Tech.,* this is the quintessential "unusual and impelling circumstance" for which retransfer is warranted. 2020 WL 8254867, at *3.

### C. The Effects Stemming From the COVID-19 Pandemic Frustrate the Purpose of the Transfer to the Austin Division

The fact that there is no available courtroom in the Austin Division for trial as scheduled in this case frustrates the original purpose of the transfer. As set forth below a "revaluat[ion of the] § 1404(a) analysis in light of the pandemic," warrants retransfer. *Id.*

To begin, "jurisdiction for this suit clearly exists in the Western District of Texas" and Freshub properly brought this action in Waco. Dkt. No. 29 at 1; *see also In re Volkswagen of Am., Inc.,* 545 F.3d 304, 312 (5th Cir. 2008) (en banc) (quoting 28 U.S.C. § 1404(a)) (finding the preliminary question under § 1404(a) is whether a civil action "might have been brought" in the destination venue). Further, a reevaluation of both the private and public *Volkswagen* factors favors retransferring this case back to the Waco Division.

5

### 1.     The Private Interest *Volkswagen* Factors Weigh in Favor of Retransferring the Case Back to Waco

The private interest *Volkswagen* factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen*, 545 F.3d at 315 (citations omitted).

Due to the unavailability of an Austin courtroom for trial in June, the private interests now weigh in favor of retransfer to Waco. In granting transfer, the Court observed that documents were located in Austin, but the "relative ease of access to sources of proof" factor is now neutral given that the case is now beyond the discovery stage. All document exchanges have already occurred and the parties are now in their final preparations before trial. Given that there will be no further exchange of evidence and the significant ease in which documents are nowadays transferred and presented, Waco presents the convenient forum for this evidence to be timely heard—not Austin. *See VLSI Tech.,* 2020 WL 8254867, at *4 (the fact that discovery was closed and documents were available in electronic form renders determination on ease of access to documents in previous transfer decision moot).

The "cost of attendance" and "compulsory process" factors now favor retransfer to Waco. In its order granting transfer to Austin, the Court was persuaded by the fact that at that time "all of the anticipated witnesses are located" in Austin. Dkt. No. 29 at 3. However, of the eleven witnesses Defendants have identified for trial, only one resides in Austin; namely, Jason Buechel, an employee of Whole Foods Market, Inc. and corporate designee for defendant Whole Foods Market Services, Inc. Kobialka Decl., Ex. 5 at 10 (Defendants' Fourth Amended Initial Disclosures); *id.*, Ex. 6 at 2 (Defendants' Preliminary Trial Witness List). The other ten witnesses are traveling outside of Austin, and would greatly benefit from the lower costs

6

associated with holding trial in Waco over Austin.  *Id.*, Exs. 7-17; *see also VLSI Tech.*, 2020 WL 8254867, at *4 (finding that "hotel costs in Waco are cheaper").

Any "cost of attendance" at trial for sole employee-witness located in Austin will be minimal, as the Waco courthouse is less than 100 miles away from Austin.  As the Court held in granting transfer, "[w]ere there a compelling reason supporting maintaining venue in the Waco Division, then the Court would weigh the issue of the distance between the two courthouses more carefully."  Dkt. No. 29 at 3.  As set forth herein, the closures caused by the COVID-19 pandemic that prevent a timely trial in Austin is a "compelling reason."  Additionally, the convenience of employee witnesses is entitled to little weight.  *See ADS Sec. L.P. v. Advanced Detection Sec. Servs., Inc.*, No. A-09-CA-773 LY, 2010 WL 1170976, at *4 (W.D. Tex. Mar. 23, 2010), *report and recommendation adopted* in A-09-CA-773 LY, ECF No. 20 (W.D. Tex. Apr. 14, 2010) (convenience employee witnesses is entitled to little weight) (citation omitted). Moreover, the parties agreed that any witness who is sick or unable to attend because they cannot travel due to COVID-19 may testify via videoconference.  Because hotels are cheaper in Waco, witnesses unable to travel may testify via videoconference, and the travel costs of Mr. Buechel will be minimal, the "compulsory process" and "cost of attendance" factors now weigh in favor of Waco over Austin.

Finally, transferring the case back to Waco will "make trial of a case easy, expeditious and inexpensive," as there is no courtroom availability in Austin due to the congestion caused from the COVID-19 shutdowns.  By contrast, there is courtroom availability in the Waco courthouse, where this Court regularly conducts trials.  Thus, the "all other practical problems" factor weighs strongly in favor of transferring the case back to Waco for trial next month.

7

### 2. The Totality of the Public Interest *Volkswagen* Factors Weigh in Favor of Retransferring the Case Back to Waco

The public interest *Volkswagen* factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Volkswagen*, 545 F.3d at 315 (citation omitted). Here, the totality of these factors weigh in favor of retransferring the case to Waco.

The "administrative difficulties" favor weighs strongly in favor of transfer to Waco, because as described herein there are considerable "administrative difficulties flowing from court congestion" in the Austin courthouse. Because the Austin courthouse is unavailable for trial in June, this case can only move forward as scheduled in the Waco courthouse. Because this Court is "extremely busy and has at least one trial scheduled every month from now through 2022," delaying this trial would mean either a significant delay in the resolution of Freshub's claims or the Court significantly reworking its current docket. *VLSI Tech.,* 2020 WL 8254867, at *5. And because "the delay associated with holding the trial in Austin is not the 'garden variety' delay associated with transfer," this factor weighs in favor of transfer back to Waco where the case was originally filed. *Id*.

The remaining factors–local interest in deciding the case at home, the familiarity of the forum with the governing law, and problems associated with conflict of law—are neutral. Indeed, the fact Whole Foods is headquartered in Austin is not enough to militate against transfer, especially since Defendants believe evidence regarding Whole Foods is irrelevant. *See* Dkt. No. 178 at 7-8.

As such, the totality of the public interest factors favor transferring the case back to Waco.

## IV. CONCLUSION

For at least the forgoing reasons, Freshub respectfully request this Court retransfer this case back to the Waco Division.

Respectfully submitted

Dated: May 7, 2021

By: */s/ Lisa Kobialka*
Paul J. Andre (*pro hac vice*)
Lisa Kobialka (*pro hac vice*)
James Hannah (*pro hac vice*)
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com

John Palmer
Texas Bar No. 15430600
NAMAN HOWELL SMITH
& LEE PLLC
400 Austin Ave., Suite 800,
P.O. Box 1470
Waco, TX 76701
Telephone: (254) 755-4100
Facsimile: (254) 754-6331
palmer@namanhowell.com

*Attorneys for Plaintiffs*
FRESHUB, INC. and FRESHUB, LTD.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on May 7, 2021, the foregoing document was filed electronically with the Clerk of Court using the Court's CM/ECF system, which will send a Notice of Electronic Filing on all counsel of record for all other parties who have appeared in this action on the date of such service.

                                      */s/ Lisa Kobialka*
                                      Lisa Kobialka