UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FRESHUB, INC. and FRESHUB, LTD.,<br><br>    Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware Corporation, AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company, PRIME NOW, LLC, a Delaware Limited Liability Company, and WHOLE FOODS MARKET SERVICES, INC., a Texas Corporation,<br><br>    Defendants. | Case No. 1:19-CV-00885-ADA |

**DEFENDANTS' NOTICE OF NON-OPPOSITION REGARDING FRESHUB'S MOTION FOR INTRA-DISTRICT RETRANSFER OF VENUE TO THE WACO DIVISION (DKT. 194)**

Defendants respectfully provide notice to the Court that they do not oppose the relief requested by the Motion for Intra-District Retransfer of Venue to the Waco Division filed by plaintiffs Freshub, Inc. and Freshub, Ltd. ("Freshub"). (Dkt. 194.)

Defendants' non-opposition to re-transfer to the Waco Division is based *solely* on the fact that the Austin courthouse is not likely to be available for a jury trial on the trial date set forth in the Court's scheduling order. Defendants' non-opposition to re-transfer to the Waco Division is for purposes of this case only, and should not be construed as consent to venue in the Waco Division in any other current or future matter, or as a waiver of any arguments regarding venue under 28 U.S.C. § 1404.

Defendants dispute that venue is proper or appropriate in the Waco Division, as fully described in their motion for intra-district transfer to the Austin Division. (*See* Dkt. 20; *see also* Dkt. 29 (Order Granting Defendants' Motion for Intra-District Transfer).) In granting intra-district transfer to the Austin Division, the Court specifically noted:

(1) "Whole Foods is headquartered in Austin."

(2) "Whole Foods does not operate any stores in the Waco Division."

(3) "Whole Foods has its headquarters and relevant employees in Austin[.]"

(Dkt. 29 at 1.) The Court thus found that conducting trial in Waco would be inconvenient for Whole Foods. (*See id.* at 2-3 (distance of "even 80 or 90 miles is inconvenient").)

The Court can, and should, avoid this inconvenience by granting Defendants' motion for summary judgment of no direct infringement as to Whole Foods. (Dkt. 103.) As described in that motion, Freshub does not identify any accused Whole Foods product, service, or technology as allegedly infringing, and its expert on infringement, Dr. Medvidovic, does not map each limitation of any asserted claim to Whole Foods. (*Id.* at 15-16); *SIMO Holdings Inc. v. Hong Kong*

*uCloudlink Network Tech. Ltd.*, 983 F.3d 1367, 1380 (Fed. Cir. 2021) (to prove infringement, "the patentee must show that the accused device contains *each and every limitation* of the asserted claims.") (emphasis in original).  Nor does Freshub have a separate claim for damages against Whole Foods.  (*See* Dkt. 103 at 16.)  Given that Freshub cannot prove infringement by Whole Foods at trial or separately recover from it, and the substantial inconvenience to Whole Foods and its COO Jason Buechel of participating in trial in Waco, the Court should grant Defendants' motion for summary judgment as to Whole Foods.

Dated:  May 15, 2021

Respectfully submitted,

*Of Counsel:*

Barry K. Shelton (TX Bar #24055029)
bshelton@sheltoncoburn.com
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, TX 78734
Tel: (512) 263-2165
Fax: (512) 263-2166

Deron R. Dacus (TX Bar #00790553)
ddacus@dacusfirm.com
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Tel: (903) 705-1117
Fax: (903) 581-2543

*/s/ J. David Hadden*
J. David Hadden, CSB No. 176148
dhadden@fenwick.com
Saina S. Shamilov, CSB No. 215636
sshamilov@fenwick.com
Todd R. Gregorian (*Admitted Pro Hac Vice*)
tgregorian@fenwick.com
Ravi R. Ranganath, CSB No. 272981
rranganath@fenwick.com
Vigen Salmastlian, CSB No. 276846
vsalmastlian@fenwick.com
Allen Wang, CSB No. 278953
allen.wang@fenwick.com
Eric B. Young, CSB No. 318754
eyoung@fenwick.com
**FENWICK & WEST LLP**
801 California Street
Mountain View, CA  94041
Telephone:  650.988.8500
Facsimile:  650.938.5200

*Counsel for Defendants
AMAZON.COM, INC., AMAZON.COM
SERVICES LLC, PRIME NOW, LLC, and
WHOLE FOODS MARKET SERVICES, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ J. David Hadden*
J. David Hadden